**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

---

GOLTV, INC., and GLOBAL SPORTS
PARTNERS LLP,

                Plaintiffs,

-against-

FOX SPORTS LATIN AMERICA LTD., PAN
AMERICAN SPORTS ENTERPRISES CO.,
d/b/a FOX SPORTS LATIN AMERICA
(individually and as successor to FOX PAN
AMERICAN SPORTS LLC), FOX
INTERNATIONAL CHANNELS (US), INC.,
FOX NETWORKS GROUP, INC. (as successor
to FOX INTERNATIONAL CHANNELS (US),
INC.), CARLOS MARTINEZ, HERNAN
LOPEZ, JAMES GANLEY, T&T SPORTS
MARKETING LTD., TORNEOS Y
COMPETENCIAS, S.A., ALEJANDRO
BURZACO, FULL PLAY GROUP S.A.,
HUGO JINKIS, MARIANO JINKIS,
CONFEDERACION SUDAMERICANA DE
FUTBOL, d/b/a CONMEBOL, EUGENIO
FIGUEREDO, and JUAN ANGEL NAPOUT,

                Defendants.

Case No. 1:16-cv-24431-CMA

---

**MOTION AND MEMORANDUM OF LAW FOR
SUBSTITUTE SERVICE OF DEFENDANT ALEJANDRO BURZACO
AND EXTENSION OF TIME PERIOD FOR SERVICE**

                                     CHADBOURNE & PARKE LLP
                                     1301 Avenue of the Americas
                                     New York, NY 10019-6022

                                     SHUTTS & BOWEN LLP
                                     200 South Biscayne Boulevard
                                     Suite 4100
                                     Miami, FL 33131

                                     *Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

                                                              **Page**

PRELIMINARY STATEMENT ....................................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..................................................3

ARGUMENT ...................................................................................................................................5

    I.      THE COURT SHOULD ENTER AN ORDER FOR SUBSTITUTE SERVICE OF BURZACO PURSUANT TO FRCP 4(m) and NEW YORK LAW .......................5

          A.      Pursuant to FRCP 4(e)(1), the Standard for Substitute Service under N.Y. C.P.L.R. § 308(5) Applies Here.........................................................................5

          B.      Service upon Burzaco by the Means Prescribed in N.Y. C.P.L.R. §§ 308(1), (2), and (4) Is Impracticable .................................................................7

          C.      Serving Burzaco by Delivering the Summons and Complaint to His Attorneys in the Criminal Action Would Comply with Constitutional Due Process .........................................................................................................9

    II.     AN EXTENSION OF THE TIME PERIOD FOR SERVICE IS WARRANTED......10

CONCLUSION..............................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Avanti Enters., Inc. v. A&T Produce, Inc.*
  2010 WL 3924771 (E.D.N.Y. July 21, 2010) ........................................................................... 5

*Bozza v. Love*,
  2015 WL 4039849 (S.D.N.Y. July 1, 2015) .................................................................. 7, 9, 10

*Dent v. MD Small Bus. Dev. Ctr.*
  2016 WL 7033974 (D. Md. Dec. 2, 2016) ............................................................................. 10

*D.R.I., Inc. v. Dennis*,
  2004 WL 1237511 (S.D.N.Y. June 3, 2004) ........................................................................... 8

*Dyer v. Wal-Mart Stores, Inc.*,
  318 F. App'x 843 (11th Cir. 2009) .......................................................................................... 5

*Ferrarese v. Shaw*,
  164 F. Supp. 3d 361 (E.D.N.Y. 2016) .......................................................................... 6, 9, 10

*Markoff v. S. Nassau Cmty. Hosp.*,
  91 A.D.2d 1064 (N.Y. Sup. Ct. 1983) ..................................................................................... 7

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) ................................................................................................................ 9

*S.E.C. v. Nnebe*,
  2003 WL 402377 (S.D.N.Y. Feb. 21, 2003) ..................................................................... 7, 10

*Silverman v. Sito Mktg. LLC*,
  2015 WL 10906059 (E.D.N.Y. Oct. 23, 2015) .................................................................. 8, 9

*Tyco Fire & Sec., LLC v. Hernandez Alcocer*,
  2005 WL 6104560 (S.D. Fla. Oct. 7, 2005) ............................................................................ 5

**Other Authorities**

F.R.C.P. 4(e) .............................................................................................................. *passim*

F.R.C.P. 4(m) ............................................................................................. 1, 2, 10, 11

N.Y. C.P.L.R. § 308 et seq. ........................................................................................ *passim*

Plaintiffs GolTV, Inc. and Global Sports Partners LLP (collectively, "Plaintiffs") respectfully submit this motion and memorandum of law for an order permitting defendant Alejandro Burzaco to be served by substitute means, pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure ("FRCP") and N.Y. C.P.L.R. § 308(5), through Plaintiffs' delivery of the Summons and Complaint in this matter to the attorneys representing Burzaco in *United States v. Webb*, E.D.N.Y. No. 15-CR-252 (PKC), a criminal action in which Burzaco has pled guilty but not been sentenced. Plaintiffs also move for an order providing for an extension of the time period for service pursuant to FRCP 4(m).

## PRELIMINARY STATEMENT

After filing their Complaint on October 20, 2016, Plaintiffs identified a New York address at which they believed defendant Alejandro Burzaco was residing. Burzaco, who has pled guilty in U.S. District Court for the Eastern District of New York for his role in the bribery schemes underlying Plaintiffs' Complaint, is required under the terms of his bail arrangement to reside within 50 miles of the U.S. courthouse in Brooklyn, New York and remain within the Southern and Eastern Districts of New York pending sentencing in that matter. In November 2016, Plaintiffs served the Summons and Complaint in this civil matter on a person of suitable age and discretion at the New York address at which plaintiffs believed Burzaco was residing. As of that time, that person had made statements leading plaintiffs to believe that Burzaco was staying at that address.

Because no counsel for Mr. Burzaco appeared in this action or otherwise contacted Plaintiffs following the initial service, Plaintiffs continued to attempt to personally serve the Summons and Complaint on Mr. Burzaco at that address. On December 24, 2016, the person at that location, who had previously indicated that Burzaco might be found there, stated that Mr. Burzaco did not reside at that address.

1

Despite extensive investigation, Plaintiffs have been unable to identify any other address where Burzaco might be found or otherwise locate him.  Plaintiffs also have requested that Burzaco's counsel in the action in the Eastern District of New York matter accept service in this action, but his counsel has declined to do so.  Having exhausted the avenues to locate and serve Burzaco through conventional means, Plaintiffs now seek an order for substitute service under New York law by delivery of the Summons and Complaint to Burzaco's attorneys.

Under FRCP 4(e)(1), a defendant may be served pursuant to the laws of the state where the defendant is served.  New York's provision for substitute service, N.Y. C.P.L.R. § 308(5), provides for substitute service in a situation such as this, where (1) service by conventional means otherwise provided for by procedural rules is impracticable, and (2) the alternate method of service proposed by the plaintiff is reasonably calculated to give the defendant notice of the pendency of the action, thereby satisfying the requirements of constitutional due process.

Substitute service under N.Y. C.P.L.R. § 308(5) is proper in the facts at issue.  Service is impracticable here, where Burzaco appears to not reside at the only place that Plaintiffs identified, after extensive investigation, as a potential residence for him.  And it is reasonable to calculate that service upon Burzaco's attorneys in the criminal action will result in notice to Burzaco of the pendency of this action.

Plaintiffs also move for an extension of the time period under FRCP 4(m) during which they must serve Burzaco – a period currently set to expire on January 18, 2017.  Plaintiffs request that the Court extend that deadline by one month after the date that an order for substitute service pursuant to FRCP 4(e)(1) and N.Y. C.P.L.R. § 308(5) is issued in order to allow Plaintiffs sufficient time to serve process upon Burzaco's attorneys.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Alejandro Burzaco is a businessman from Argentina. *See* ECF No. 1-1 at 30, ¶ 64. From 2006 to 2015, Burzaco was Chief Executive Officer of defendant Torneos y Competencias, S.A., a company based in Argentina. *Id.*

On May 20, 2015, Burzaco was indicted in United States District Court for the Eastern District of New York in a criminal action, *United States v. Webb*, No. 15-cr-00252-PKC (the "Criminal Action"). The Superseding Indictment in the Criminal Action, like Plaintiffs' civil action, alleges that Burzaco was involved in a bribery scheme involving the television rights to the Copa Libertadores soccer tournament. *See* ECF No. 1-3 (of civil action) at 77-79, ¶¶ 179-84. Burzaco entered a guilty plea in the Criminal Action on November 16, 2015. McCormack Decl. Ex. A at 7, 8. Burzaco's sentencing date has been continued multiple times by the court and is currently set for May 25, 2017. *Id.* at 10, 11.

On October 20, 2016, Plaintiffs filed the Complaint in this action (the "Civil Action") against a number of defendants, including Burzaco. ECF No. 1. The Civil Action is based on many of the same allegations at issue in the Criminal Action. *See*, *e.g.*, ECF No. 1, ¶ 2.

After filing the Complaint, Plaintiffs thoroughly investigated where Burzaco might be located to serve process upon him in the Civil Action. Plaintiffs reviewed court documents, Internet sites, social media postings, and various commercial databases. *See* Declaration of Thomas J. McCormack ("McCormack Decl.") ¶ 3. Plaintiffs learned that Burzaco was required, under the terms of an Order Setting Conditions of Release and Bond ("Bond Order") issued by the court in the Criminal Action, to remain within the Southern and Eastern Districts of New York and to reside within a 50-mile radius of the federal courthouse in Brooklyn. McCormack Decl. Ex. B at 2. One of the signatories to the court's Bond Order – Juan Facundo Santucci, the godfather of Burzaco's child – resides within those geographic boundaries at an address in Rye,

3

New York, (the "Rye Residence"). McCormack Decl. ¶ 5. In light of the possibility that Burzaco might be found at the Rye Residence, Plaintiffs' retained a process server to attempt to serve process on Burzaco there. DiCanio Decl. ¶ 5.

On November 12, 2016, the process server visited the Rye Residence and asked for Burzaco. Mr. Santucci's wife, Augustina Santucci, responded, "He's not here. You can leave it with me." DiCanio Aff. ¶ 9. The server declined the offer because he was attempting to serve Burzaco personally. *Id.* On November 14, 2016, the server attempted service and again spoke with Mrs. Santucci. She told him that Burzaco wasn't there and added, in substance, "You'll have to try back again." *Id.* ¶ 10.

Between November 15 and 17, 2016, the server made five additional attempts to personally serve Burzaco without success. At no point during any of these service attempts did Mrs. Santucci state that Mr. Burzaco was not staying at the Rye Residence. *Id.* ¶ 12.

Because Mrs. Santucci's comments to the process server on November 12 and 14 indicated that Burzaco was staying at the Rye Residence, Plaintiffs instructed their process server to serve Burzaco by delivering a copy of the Summons and Complaint to Mrs. Santucci, as a resident of the house, under FRCP 4(e)(2)(B). McCormack Decl. ¶ 9. That service was executed on November 17, 2016, DiCanio Aff. ¶ 13, as reflected in an affidavit of service filed with the Court on November 23, 2016, *see* ECF No. 29.

No counsel for Burzaco filed a notice of appearance or contacted Plaintiffs after this affidavit of service was filed, *see generally* ECF Nos. 30-49, and Plaintiffs continued to attempt to serve Burzaco personally. They instructed their process server to repeatedly visit the Rye Residence and attempt to serve Burzaco, McCormack Decl. ¶ 11, but these efforts failed to locate him. DiCanio Aff. ¶ 15.

On December 24, 2016, the process server again attempted to personally serve Burzaco at the Rye Residence. This time, Mrs. Santucci told him that Burzaco did not live at the address and that she did not know where he lived. *Id.* ¶ 12.

Thereafter, the undersigned counsel asked Burzaco's attorneys at the law firm Kobre & Kim LLP, who represent Burzaco in the Criminal Action, if they would accept service on his behalf in the Civil Action. Burzaco's attorneys have declined this request. McCormack Decl. ¶ 13.

## ARGUMENT

In light of Plaintiffs' inability to locate Burzaco, Plaintiffs now move for an order permitting (1) substitute service of Burzaco by delivery of papers in this action to Burzaco's attorneys, pursuant to FRCP 4(e)(1) and N.Y. C.P.L.R. § 308(5), and (2) an extension of one month beyond the date of such order to allow Plaintiffs sufficient time to effect service.

**I.     THE COURT SHOULD ENTER AN ORDER FOR SUBSTITUTE SERVICE OF BURZACO PURSUANT TO FRCP 4(m) AND NEW YORK LAW**

**A.     Pursuant to FRCP 4(e)(1), the Standard for Substitute Service under N.Y. C.P.L.R. § 308(5) Applies Here**

FRCP 4(e)(1) provides that service of process may be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Accordingly, "a plaintiff may use any method of service allowed in the state where . . . service is made." *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009), *cert. denied*, 558 U.S. 1112 (2010) (service of a corporation under FRCP 4(e)(1)); *see also Tyco Fire & Sec., LLC v. Hernandez Alcocer*, No. 04-23127-CIV, 2005 WL 6104560, at *2 (S.D. Fla. Oct. 7, 2005), *vacated and remanded on other grounds*, 218 F. App'x 860 (11th Cir. 2007) (FRCP 4(e)(1) allows service "pursuant to the law of the state where the party is served"); *Avanti Enters., Inc. v.*

5

*A&T Produce, Inc.*, No. CV-09-1185 (NGG), 2010 WL 3924771 , at *1 (E.D.N.Y. July 21, 2010) ("[S]ervice could validly be effected under . . . New Jersey law…where the attempted service at issue was made . . . ."). FRCP 4(e)(1), like its predecessor, prior FRCP 4(c)(2)(C)(i), "authorize[s] the use of the law of the state in which the district court sits, but adds *as an alternative* the use of the law of the state in which service is effected." Comment, 1993 Amdt., Fed. R. Civ. P. 4(e)(1) (emphasis added).

Plaintiffs seek an order under FRCP 4(e)(1) directing substitute service upon Defendant Alejandro Burzaco pursuant to Section 308(5) of the New York Civil Practice Law & Rules ("N.Y. C.P.L.R."), the applicable "state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made." Fed. R. Civ. P. 4(e)(1). This rule states that service on a "natural person" may be made "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." N.Y. C.P.L.R. § 308(5). In other words, the rule provides for an alternative when service is impracticable under three conventional modes of service prescribed by New York law: personal delivery, N.Y. C.P.L.R. § 308(1); delivery to a "person of suitable age and discretion" at the defendant's "actual place of business, dwelling place, or usual place of abode," N.Y. C.P.L.R. § 308(2); or delivery by affixing papers to the "actual place of business, dwelling place or usual place of abode," N.Y. C.P.L.R. § 308(4).

To justify substitute service under N.Y. C.P.L.R. § 308(5), a plaintiff must (1) make "a showing that the other prescribed methods of service were 'impracticable,'" and (2) show that the proposed method of service "complies with 'constitutional due process.'" *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016) (collecting cases). Where these requirements are met,

federal courts have approved substitute service pursuant to N.Y. C.P.L.R. § 308(5) and FRCP 4(e)(1). *E.g.*, *id*.

These requirements are met here. Service upon Burzaco by the means identified in N.Y. C.P.L.R. § 308(1), (2), and (4) has proven impracticable, and service upon Burzaco's attorneys in the Criminal Action would satisfy due process requirements.

### B. Service upon Burzaco by the Means Prescribed in N.Y. C.P.L.R. §§ 308(1), (2), and (4) Is Impracticable

To meet the impracticability requirement of N.Y. C.P.L.R. § 308(5), a plaintiff "'must make some showing that the other prescribed methods of service could not be made.'" *S.E.C. v. Nnebe*, No. 01 Civ. 5247 (KMW)KNF, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (quoting *Markoff v. S. Nassau Cmty. Hosp.*, 91 A.D.2d 1064, 1065 (N.Y. Sup. Ct. 1983)). This standard "does not require the applicant to satisfy the more stringent standard of 'due diligence,'" nor must a party "'make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken.'" *Bozza v. Love*, No. 15 Civ. 3271(LGS), 2015 WL 4039849, at *1 (S.D.N.Y. July 1, 2015) (citation omitted); *see also* Siegel, N.Y. Pract. § 75 (5th Ed.) (plaintiff "must be prepared to show that it would have been futile for some adequate reason: the defendant can't be found, there are no known premises at which to carry out the requirements of [CPLR § 308(1), (2), or (4)]").

In *Bozza*, a plaintiff could not locate the defendant's address despite conducting a document search – including court records, Internet resources, and news coverage – and hiring a process server who attempted to serve the defendant on multiple occasions, including service at a location believed to be the defendant's current address. 2015 WL 4039849, at *1. The court found such efforts "sufficient to show that Plaintiff has been unable to locate a current residential or business address for Defendant despite a diligent search, and therefore that service under

7

CPLR 308(1)-(4) would be impracticable." *Id.* at *1; *see also Silverman v. Sito Mktg. LLC*, 14-CV-3932 (WFK), 2015 WL 10906059, at *3 (E.D.N.Y. Oct. 23, 2015) (impracticability demonstrated by, *inter alia*, "multiple attempts of service" at the defendant's last known address); *D.R.I., Inc. v. Dennis*, No. 03 Civ. 10026(PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004) (impracticability shown after plaintiff attempted to serve defendant at defendant's last known address and searched for defendant's current address).

Service of process on Burzaco has proven impracticable. Plaintiffs have been unable to locate him for personal service pursuant to N.Y. C.P.L.R. § 308(1), and it appears that he has no known "actual place of business, dwelling place or usual place of abode" where service could be left with a "person of suitable age and discretion" or affixed under N.Y. C.P.L.R. § 308(2) or (4).

Burzaco is likely living in the New York area, pursuant to the order of the court in the Criminal Action requiring him to stay within the Southern and Eastern Districts of New York and reside within 50 miles of the courthouse in Brooklyn. *See* McCormack Decl. Ex. B at 2. Plaintiffs conducted extensive research into available records but found only one address where Burzaco might potentially be staying: the residence in Rye, New York, owned by Burzaco's bond signatory, Mr. Santucci. McCormack Decl. ¶ 4. Initially, it appeared from comments by Mrs. Santucci to a process server that Burzaco was living at the Rye Residence, and as a result Plaintiffs caused papers to be delivered to her as a means of service under FRCP 4(e)(2)(B). McCormack Decl. ¶ 9. When the server attempted again to serve Burzaco personally at the house, however, Mrs. Santucci stated that Burzaco did not live there. DiCanio Aff. ¶ 16..

Plaintiffs exhausted their last known means of possible service when Burzaco's attorneys in the Criminal Action declined to accept service on Burzaco's behalf in the Civil Action.

8

McCormack Decl. ¶ 13. Because Burzaco's location remains unknown – despite Plaintiffs' efforts to find him – service upon Burzaco is impracticable pursuant to N.Y. C.P.L.R. § 308(5).

### C. Serving Burzaco by Delivering the Summons and Complaint to His Attorneys in the Criminal Action Would Comply with Constitutional Due Process

Once it is established that service by the methods prescribed in N.Y. C.P.L.R. §§ 308(1), (2), and (4) is impracticable, the plaintiff must show that the proposed method of alternative service under Section 308(5) complies with constitutional due process requirements. *Ferrarese*, 164 F. Supp. 3d at 365. To meet due process standards, the alternate method of service must be "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 366 (citing, *inter alia*, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Substitute service of process upon a defendant's counsel, even counsel in an unrelated matter, is an acceptable alternative method of service that comports with due process. *Bozza*, 2015 WL 4039849, at *2. In *Bozza*, after the court found that service was otherwise impracticable, it concluded that substitute service upon a defendant's counsel of record in an unrelated lawsuit would comply with due process. *Id.* The court reasoned that defendant's counsel was "presumably in communication with [d]efendant," and it noted that plaintiff's counsel had already been in contact with defendant's counsel regarding the action at issue and had attempted service upon him. *Id.* Under those facts, the court concluded that service upon the defendant's counsel complied with due process. *Id.* Other courts have reached similar conclusions. *See Silverman*, 2015 WL 10906059, at *3 (substitute service upon defendant's counsel in an unrelated action and upon the defendant's mother was "more than 'reasonably calculated' to afford notice to [the defendant]" (citations omitted)); *cf. Ferrarese*, 164 F. Supp.

9

3d at 368 (ordering substitute service upon defendant's sister); *Nnebe*, 2003 WL 402377, at *4 (ordering substitute service upon defendant's relatives).

Here, under any circumstances, service upon Burzaco's current attorneys in the Criminal Action would comply with due process requirements. Such service is "reasonably calculated . . . to apprise [Burzaco] of the pendency of the action and afford [him] an opportunity to present [his] objections." *See Ferrarese*, 164 F. Supp. 3d at 365. Burzaco is an active participant in the Criminal Action and has appeared before the court in that action repeatedly, including when he entered his guilty plea on November 16, 2015. *See, e.g.*, McCormack Decl. Ex. A at 8. Burzaco's attorneys at Kobre & Kim have represented him in the Criminal Action since July 31, 2015 – before his pleading, *see id.* at 6 – and they are "presumably in communication with" him concerning the action and his pending sentencing. *See Bozza*, 2015 WL 4039849, at *2. It is therefore reasonable to calculate that Burzaco's attorneys in the Criminal Action will inform him of the pending Civil Action, satisfying the requirements of constitutional due process.

## II.     AN EXTENSION OF THE TIME PERIOD FOR SERVICE IS WARRANTED

The Complaint in this action was filed October 20, 2016, and the 90-day period pursuant to FRCP 4(m) ends after January 18, 2017. Plaintiffs request, therefore, a reasonable extension of time beyond that date. FRCP 4(m) provides that if a plaintiff shows "good cause" for a failure to serve a defendant within 90 days of the filing of a Complaint, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

As set forth above and in the supporting papers, Plaintiffs have good cause for their failure to serve Burzaco, since his whereabouts are unknown, with no known work or home address in New York where he can presently be found. *See Dent v. MD Small Bus. Dev. Ctr.*, Civ. A. No. DKC 16-2446, 2016 WL 7033974, at *1 (D. Md. Dec. 2, 2016) ("Circumstances amounting to good cause may be . . . 'where the plaintiff experienced difficulty in obtaining a

defendant's proper address.'") (citation omitted).  An extension of Plaintiffs' time period for service pursuant to FRCP 4(m) until a date one month after issuance of an order pursuant to FRCP 4(e)(1) and N.Y. C.P.L.R. § 308(5) is therefore warranted.

## CONCLUSION

For the reasons stated above, the Court should issue an Order (1) providing for defendant Burzaco to be served by Plaintiffs' delivery of the Summons and Complaint in this matter to Burzaco's attorneys, as identified in the docket in the Criminal Action, pursuant to FRCP 4(e)(1) and N.Y. C.P.L.R. § 308(5); and (2) providing for an extension of the time period for service pursuant to FRCP 4(m).

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that Plaintiffs' counsel communicated with all Defendants' counsel of record before filing this motion and was advised, as to all but one defendant, that Defendants' counsel do not oppose the relief requested herein. Counsel for Plaintiffs left a phone message for counsel for defendant Carlos Martinez, who appeared in the Civil Action the afternoon of January 18, 2017, but that message was not returned prior to the filing of this motion.

Dated: January 18, 2017
      New York, New York

                                CHADBOURNE & PARKE LLP

                                By: */s/ Thomas J. McCormack*
                                      Thomas J. McCormack
                                      tmccormack@chadbourne.com
                                      Julissa Reynoso
                                      jreynoso@chadbourne.com
                                      1301 Avenue of the Americas
                                      New York, NY 10019-6022
                                      Tel: (212) 408-5100
                                      Fax: (212) 541-5369

                                SHUTTS & BOWEN LLP
                                      Peter H. Levitt
                                      plevitt@shutts.com
                                      200 South Biscayne Boulevard
                                      Suite 4100
                                      Miami, FL 33131
                                      Tel: (305) 358-6300
                                      Fax: (305) 381-9982

                                *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that true and correct copies of Plaintiffs' Motion for Substitute Service on Defendant Alejandro Burzaco and Extension of Time Period for Service, the supporting Declaration of Thomas J. McCormack, the supporting Affidavit of Nicholas DiCanio, exhibits thereto, and a proposed Order granting the aforesaid motion were served by ECF on January 18, 2017 upon all counsel of record, as follows:

Defendants Fox Sports Latin America Ltd., Pan American Sports Enterprises Co., Fox International Channels (U.S.) Inc., and Fox Networks Group, Inc.:

  Jay Brian Shapiro & Morgan Amanda McDonough
  Stearns Weaver Miller Weissler Alhadeff & Sitterson
  Museum Tower, 150 W Flagler Street, Suite 2200, Miami, FL 33130
  Email:  jshapiro@stearnsweaver.com
  Email:  mmcdonough@stearnsweaver.com

  Tobin Joe Romero
  Williams & Connolly LLP
  725 Twelfth Street, NW Washington, DC 20005
  Email:  TRomero@wc.com

Defendant Confederacion Sudamerica de Futbol:

  Andrew J. Durkovic & Robert Michael Doherty
  Amsterdam & Partners LLP
  601 Thirteenth Street, NW, Eleventh Floor South, Washington, DC 20005
  Email:  A.Durkovic@amsterdamandpartners.com
  Email:  D.Vazquez@amsterdamandpartners.com

  Daniel A. Vazquez Diaz, Juan Jose Rodriguez, & David Matthew Levine
  Carey Rodriguez Greenberg O'Keefe LLP
  1395 Brickell Avenue, Suite 700, Miami, FL 33131
  Email: D.Vazquez@amsterdamandpartners.com
  Email:  jrodriguez@careyrodriguez.com
  Email:  dlevine@careyrodriguez.com

Defendant James Ganley:

  Benedict P. Kuehne & Michael T. Davis
  Law Office of Benedict P. Kuehne, P.A.
  Miami Tower, Suite 3550, 100 SE 2nd Street, Miami, FL 33131
  Email:  ben.kuehne@kuehnelaw.com
  Email:  mdavis@kuehnelaw.com

Defendant Carlos Martinez:

>Ramon A. Abadin
>Abadin Jaramillo Cook et al
>9155 S. Dadeland Boulevard, Suite 1208, Miami, FL 33156
>Email: ramon.abadin@sedgwicklaw.com

*/s/ John P. Figura*
John P. Figura
