UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24431-CIV-ALTONAGA/O'Sullivan

**GOLTV, INC.**, *et al.*,

    Plaintiffs,

v.

**FOX SPORTS LATIN AMERICA, LTD.**, *et al.*,

    Defendants.

_____/

**UNITED STATES' MOTION FOR PERMISSION
TO FILE ANTICIPATED MOTION TO INTERVENE AND STAY
CIVIL PROCEEDINGS ON PARTIALLY SEALED AND *EX PARTE* BASIS**

The United States of America, through the undersigned Special Assistant United States Attorney, respectfully submits this Motion for Permission to File Anticipated Motion to Intervene and Stay Civil Proceedings on Partially Sealed and Ex Parte Basis pursuant to Local Rule 5.4.

Specifically, the United States respectfully requests permission to file the public version of its anticipated Motion to Intervene and Stay Civil Proceedings in redacted, ex parte form so that certain facts supporting the motion – e.g., facts that implicate the integrity of the government's ongoing investigation – are not available to the public or the parties to the above-captioned litigation. Proposed redacted and unredacted versions of the government's Motion to Intervene and Stay Civil Proceedings are being separately filed electronically for the Court's consideration as ex parte documents pursuant to the procedures set forth in Local Rule 5.4(d) and Section 9C of the CM/ECF Administrative Procedures. As contemplated in the attached Proposed

Order, if the Court grants the instant Motion the government will immediately file publicly on CM/ECF the redacted version of its Motion to Intervene and Stay Civil Proceedings.

## BACKGROUND

The United States anticipates filing a motion to intervene in the above-captioned civil case (the "Civil Case") and to stay the proceedings in the Civil Case because of the pendency of a related criminal case, United States v. Hawit, et. al, 15 CR 252 (S-1) (PKC) (the "Criminal Case"), in the Eastern District of New York, and a related, ongoing grand jury investigation. The same underlying facts are at issue in both the Civil and Criminal Cases.

As set forth more fully in the proposed unredacted version of the United States' Motion to Intervene and Stay Civil Proceedings, filed ex parte, intervention and a stay of proceedings is appropriate because, among other reasons, the Civil Case relies on the same alleged bribery schemes and related conduct that are at issue in the Criminal Case and are the subject of an active, ongoing grand jury investigation.

## ARGUMENT

As an initial matter, the government is sensitive to the public's qualified First Amendment and common law right of access to documents filed in the courts. See generally United States v. Ochoa-Vasquez, 428 F.3d 1015, 1028-30 (11th Cir. 2005); Romero v. Drummond Co., 480 F.3d 1234, 1245-48 (11th Cir. 2007). As the Eleventh Circuit has made clear, "[a] motion that is 'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access." Id. at 1246 (citation omitted). Even where sealing may be appropriate, motions to seal should be highly specific so as to minimize the amount of information that is sealed. See United States v. Castillo, 568 Fed. Appx. 774, 783 n.1 (11th Cir. 2014) (rejecting as overly broad defendant's motion to seal record on appeal where

2

defendant failed to specifically identify which portions of the record contained potentially sensitive information).

Here, partially sealed and ex parte filing of the United States' Motion to Intervene and Stay Civil Proceedings is warranted based on the government's compelling need to protect (1) the integrity of its ongoing grand jury investigation, including by protecting the identity of cooperating witnesses and preventing interference, flight, and other obstruction, (2) the privacy and reputation of subjects and targets of the ongoing grand jury investigation, and (3) the safety of witnesses.  See United States v. Valenti, 987 F.2d 708, 714 (11th Cir. 1993) (holding that "protection of a continuing law enforcement investigation" is compelling interest justifying sealing); United States v. Steinger, 626 F. Supp. 2d 1231, 1235 (S.D. Fla. 2009) (same); In re Search of Wellcare Health Plans, Inc., No. 07-MJ-1466-Wilson, 2007 WL 4240740, *2 (M.D. Fla. Nov. 27, 2008) (same); id. (finding government's need to protect information revealing its cooperating witnesses, among other information, compelling reason justifying sealing search warrant affidavit); In re Search of Office Suites for World and Islam Studies Ent., 925 F. Supp. 738, 743 (M.D. Fla. 1996) (McCoun, U.S.M.J.) (same); Steinger, 626 F. Supp. 2d at 1235-36 (finding sealing of information relating to ongoing grand jury investigation appropriate to avoid "devastating consequences for those persons who have been cleared of any misconduct, as well as for those still under investigation") (citing and quoting In re Smith, 656 F.2d 1101, 1106-07 (5th Cir. Sept. 21, 1981)[1]); United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect the integrity of an ongoing investigation, including the safety of witnesses and law enforcement

---

[1] See Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit that were handed down on or before September 30, 1981.

personnel, and to prevent interference, flight, and other obstruction, may be compelling reason justifying sealing).[2]

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the instant Motion.

In the event the Court grants the instant Motion, and in light of the specific bases for filing the anticipated motion partially under seal and ex parte, including the need to protect the reputations of subjects of a grand jury investigation that may or may not ultimately be charged, the government seeks to file on an ex parte basis the unredacted version of its Motion to Intervene and Stay Civil Proceedings for an indefinite duration.  See Local Rule 5.4(b)(1) (noting that motions to seal "shall specify the proposed duration of the requested sealing").

In the event the Court denies the instant Motion, the government seeks leave to withdraw the redacted and unredacted versions of the Motion to Intervene and Stay Civil Proceedings separately filed electronically for the Court's consideration in connection with the

---

[2] Defendants Fox Sports Latin America, Ltd., Pan American Sports Enterprises Company, d/b/a Fox Sports Latin America, Fox International Channels (U.S.), Inc., and Fox Networks Group, Inc. have advised the government through retained counsel that they object to the government's motion to file portions of its anticipated Motion to Intervene and Stay Civil Proceedings in redacted, ex parte form.  Defendants Hernan Lopez, T&T Sports Marketing Ltd., and Full Play Group S.A. take no position on the government's motion to file on a partially ex parte basis; Plaintiffs GolTV, Inc. and Global Sports Partners LLP and Defendants Carlos Martinez, James Ganley and the Confederacion Sudamericana de Futbol, d/b/a Conmebol do not oppose the government's motion; and Defendants Torneos y Competencias S.A. and Alejandro Burzaco consent to the government's motion.  Counsel for Defendant Juan Ángel Napout filed a notice of appearance in this case on April 11, 2017, the government contacted counsel on April 12, 2017, and counsel stated on April 13, 2017 that they will file their position with the Court on or before April 18, 2017.  Defendant Eugenio Figueredo has yet to indicate whether he intends to proceed in the Civil Case pro se or through retained counsel.  Because Figueredo is a charged defendant in the Criminal Case, the government has not attempted to contact him directly.

instant Motion to avoid the prejudice to the interests of the government and other parties discussed above that would otherwise result.

Dated:  Brooklyn, New York
        April 14, 2017

                                Respectfully submitted,
                                BENJAMIN G. GREENBERG
                                ACTING UNITED STATES ATTORNEY

By:    /s/ Samuel P. Nitze_____
       Samuel P. Nitze
       Special Assistant United States Attorney
       Special Florida Bar ID No. A5502327
       271 Cadman Plaza East
       Brooklyn, New York 11201
       Tel: (718) 254-6465
       Fax: (718) 254-6320
       samuel.nitze@usdoj.gov

       M. Kristin Mace
       Special Assistant United States Attorney
       Special Florida Bar ID No. A5502326
       271 Cadman Plaza East
       Brooklyn, New York 11201
       Tel: (718) 254-6879
       Fax: (718) 254-6478
       kristin.mace@usdoj.gov

       Patrick T. Hein
       Special Assistant United States Attorney
       Special Florida Bar ID No. A5502324
       271 Cadman Plaza East
       Brooklyn, New York 11201
       Tel: (718) 254-6284
       Fax: (718) 254-7499
       patrick.hein@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on the 14th day of April, 2017.

    /s/ Samuel P. Nitze
Samuel P. Nitze
Special Assistant United States Attorney