UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24431-CIV-ALTONAGA/O'Sullivan

**GOLTV, INC.**, *et al.*,

    Plaintiffs,

v.

**FOX SPORTS LATIN AMERICA, LTD.**, *et al.*,

    Defendants.

_____/

REPLY TO PLAINTIFFS' AND DEFENDANTS' RESPONSES TO THE
UNITED STATES' MOTION TO INTERVENE AND TO STAY CIVIL PROCEEDINGS

PRELIMINARY STATEMENT

The United States (the "government"), through the undersigned Special Assistant United States Attorneys, respectfully submit this reply to the plaintiffs' and certain defendants' responses to the government's motion to intervene in the above-captioned civil case (the "Civil Case") and to stay the civil proceedings because of the pendency of the related criminal case United States v. Hawit, et al., 15 CR 252 (S-1) (PKC) (the "Criminal Case"), in the United States District Court for the Eastern District of New York, and a related, ongoing grand jury investigation. See ECF Document Nos. 136 (Plaintiffs' Response), 135 (Defendant Full Play Group, S.A.'s Response), 137 (Defendant Juan Ángel Napout's Response), and 134 (Government's Motion to Intervene and Stay). For the reasons set forth below, and in the government's memorandum in support of its motion to intervene and stay, this Court should grant the government's motion to intervene, and should stay the Civil Case until at least 30 days after the completion of the trial in the Criminal Case that is scheduled to commence on November 6, 2017.

## BACKGROUND

The government incorporates by reference the factual background set forth in its motion to intervene and to stay the Civil Case (the "government's motion"). The government filed its motion to intervene and stay on April 24, 2017, before the production of any discovery in the Civil Case. The government sought intervention both as of right and on a permissive basis. The government moved to stay the Civil Case pending resolution of the Criminal Case to protect, among other interests, the interest in law enforcement and the integrity of the government's ongoing investigation.[1] Also on April 24, 2017, the Court suspended discovery and related deadlines in the case indefinitely pending resolution of the government's then-anticipated motion to intervene and stay. See ECF Document No. 133.

On May 8, 2017, Plaintiffs GolTV, Inc. and Global Sports Partners LLP (the "Plaintiffs") and defendants Full Play Group S.A. ("Full Play") and Juan Ángel Napout filed responses to the government's motion. The Plaintiffs consent to a stay of the Civil Case until 14 days after the conclusion of the criminal trial scheduled to begin on November 6, 2017, with certain limited exceptions, including a carve-out for motions challenging service of process, as set forth in their proposed order. See ECF Document No. 136, Ex. A. Defendant Full Play does not oppose the government's motion to intervene but advances a limited objection to the motion to stay, arguing that in the event the Court grants a stay, it should except from the stay Full Play's pending motion to dismiss the civil complaint for lack of personal jurisdiction. Defendant Napout objects to the government's motion on various grounds, including that the government's motion purportedly was untimely and fails to identify how the Civil Case poses any risk to the Criminal

---

[1] The government filed its motion to intervene and stay in redacted form, pursuant to the Court's order dated April 17, 2017, ECF Document No. 127. The government proposes to file an unredacted version of its motion brief ex parte and under seal should the Court require additional details relating to the particular risks posed by the Civil Case to the integrity of the government's ongoing investigation, non-parties to the case, and the safety of witnesses, among other relevant factors.

Case or related interests. All respondents challenge the government's motion insofar as it is construed to request an indefinite stay, possibly lasting for years, through various as-yet unscheduled trials.

## ARGUMENT

The government does not seek to stay the Civil Case for an indeterminate number of years or until the completion of trials yet to be scheduled against defendants yet to be identified. Rather, the government is concerned with the risks posed to the trial scheduled to begin on November 6, 2017, and to its active and ongoing investigation into related criminal conduct. Although the government cannot determine with certainty when the risks to its investigation posed by the Civil Case will end, the government agrees with Plaintiffs' proposal that the Civil Case be stayed until shortly after the end of the trial scheduled to begin on November 6, 2017. By then the government will have taken steps to address its concerns relating to witness safety, and information relating to cooperating witnesses and certain aspects of the government's investigation will have become public. Thus, the government consents to entry of the Plaintiffs' proposed order except that the government requests that the stay extend to 30 days, rather than 14 days, after the conclusion of the criminal trial.[2]

The objections raised by defendants Full Play and Napout to the government's motion to intervene and stay the Civil Case are baseless. Full Play's request for a limited carve-out should be rejected on the ground that it creates inefficiency and may open the door to the exchange of information that poses the risks to the Criminal Case identified by the government in its motion. Napout's arguments opposing the government's intervention and a stay of the Civil Case are meritless and should be rejected in their entirety.

---

[2] The government would seek leave to apply for an extension of the stay should it conclude that an extended stay is warranted following the conclusion of the November 2017 trial.

I. <u>The Government Should Be Permitted to Intervene</u>

Napout argues that the government's motion to intervene was untimely filed and fails to identify an interest sufficient to justify intervention. <u>See</u> Napout's Resp. at 3-5. Napout is wrong.

First, the government's motion to intervene and stay was timely filed, before any discovery had been produced in the Civil Case. Napout faults the government for waiting until it became clear that the Civil Case would proceed and that the discovery sought by Plaintiffs posed a risk to the interests identified in the government's motion. Napout's Resp. at 3-4. But Napout cites no authority for the proposition that a motion to intervene filed before the exchange of discovery is untimely. To the contrary, courts have consistently found motions to intervene timely when they were filed before discovery had begun. <u>See, e.g.</u>, <u>Defenders of Wildlife v. Bureau of Ocean Energy Mgmt.</u>, No. 10–0254–WS–C, 2010 WL 5139101, at *2 (S.D. Ala. Dec. 9, 2010) (holding that there was not "any question" that intervenor's Rule 24 motion was timely given that it was filed before commencement of discovery and before defendants had filed a responsive pleading and thus could not "possibly prejudice any other party or delay adjudication of this action"); <u>S&S Kings Corp. v. Westchester Fire Ins. Co.</u>, No. 16-CV-2016 (RA), 2017 WL 396741, at *2 (S.D.N.Y. Jan. 27, 2017) (finding motion to intervene timely because it was filed before discovery had begun). Indeed, <u>First Bank Bus. Capital, Inc. v. Agriprocessors, Inc.</u> – the only case Napout cites in support of his argument – found a motion to intervene untimely precisely because discovery was nearly complete and a trial date had been set. <u>See</u> Case No. C08-1035, 2009 WL 2584842, at *3 (N.D. Iowa Aug. 18, 2009).

Second, Napout's argument that the government failed to identify an interest warranting intervention is also unavailing. Napout's Resp. at 4-5. As discussed further below and at length in its opening brief, the government has identified several significant interests warranting intervention, including protecting the integrity of its ongoing investigation, protecting

4

trial witnesses from the risk of interference, promoting judicial economy, and preventing defendants named in the Civil Case from using civil discovery to avoid the restrictions on criminal discovery that would otherwise pertain to them in the Criminal Case.  Certain courts have identified the last of these interests as sufficient to justify intervention as of right.  See SEC v. Shanahan, No. 4:07CV1262 JCH, 2007 WL 3232248, at *1 (E.D. Miss. Oct. 30, 2007) (holding that the government "clearly has an interest in the subject matter of the present action because it had a recognizable interest in preventing discovery in the civil case from being used to circumvent the more limited scope of discovery in the related criminal case") (internal quotation marks omitted); SEC v. Mutuals.com, Inc., No. Civ.A.3:03-CV-2912-D, 2004 WL 1629929, at *1 (N.D. Tex. July 20, 2004) (same).

Courts also have regularly permitted the government to intervene where the government has asserted such interests in a civil proceeding and where common questions of law or fact exist, as they clearly do here.  See, e.g., SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988) ("The government had a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter"); SEC v. Mersky, No. CIV. A. 93–5200, 1994 WL 22305, at *1 (E.D. Pa. Jan. 25, 1994) ("Courts have almost universally permitted the United States to intervene in actions such as the present case.  Indeed, . . . it is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact."); Bureerong v. Uvawas, 167 F.R.D. 83, 86 (C.D. Cal. 1996) (same).  The one case Napout cites to support his argument opposing intervention – First Bank Bus. Capital, Inc, 2009 WL 2584842, at *6-7 – is readily distinguishable.  There, the court denied intervention because the government did not timely file its motion, sought to extend the discovery deadline and trial date, and did not allege with specificity how the criminal case would be prejudiced if the civil case was not stayed.  Id. at

5

7. None of these deficiencies is present here. In sum, the government's motion to intervene should be granted.

II.     The Government's Motion to Stay the Civil Case Until 30 Days After the Conclusion of November 2017 Trial in the Criminal Case Should Be Granted

As set forth in the government's motion, the factors contemplated by the Eleventh Circuit and other courts in determining whether to stay a civil proceeding overwhelmingly favor granting a stay here. As an initial matter, the close overlap between the issues in the Civil Case and the Criminal Case and the fact that an indictment has already been issued in the Criminal Case are critical factors supporting a stay. See S.E.C. v. Healthsouth Corp., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003); Gonzalez v. Israel, No. 15-CIV-60060-BLOOM, 2015 WL 4164772, at *3 (S.D. Fla. July 9, 2015); Harris v. City of Boynton Beach, No. 9:16-CV-80148, 2016 WL 3747680, at *2 (S.D. Fla. July 13, 2016). In addition, the interests of the Plaintiffs, who do not oppose staying the Civil Case until shortly after the completion of the November 2017 trial in the Criminal Case, the Court, non-parties, and the public, and the lack of burden on the defendants, all favor staying the Civil Case. See Gov't Mot. at 15-20.

Defendant Napout argues that a stay is nonetheless inappropriate because the government has not identified any specific harm to the Criminal Case that would result from jurisdictional discovery, and an indefinite stay would prejudice him. Napout's Resp. at 7-11. In addition, Defendant Full Play advances a limited objection to the government's motion, arguing that in the event the Court grants a stay, it should except from the stay Full Play's pending motion to dismiss the civil complaint for lack of personal jurisdiction. Full Play's Resp. at 3-5. For the reasons set forth below, Napout's and Full Play's arguments are without merit and should be rejected.

A. The Government Has Identified Several Specific Harms to the Criminal Case That Would Arise If the Civil Case is Not Stayed

The government has identified several interests that would be jeopardized by permitting the Civil Case to proceed, even at this early stage, and additional interests that would be served by a stay. In particular, any discovery – including jurisdictional discovery – permitted to proceed in the Civil Case would pose a substantial risk to the government's prosecution of the Criminal Case and its ongoing grand jury investigation. For example, the use of broad civil discovery by subjects or targets of the government's investigation of notes of interviews of witnesses, or the taking of such witnesses' depositions, would provide information to the defendants not otherwise discoverable in the Criminal Case. This would enhance the ability of defendants in the Criminal Case to manufacture evidence or tailor testimony, and thereby severely prejudice the government's ability to conduct its investigation and prosecution. In addition, a stay of the Civil Case would serve to protect the identities of cooperating witnesses and entities in the Criminal Case, as well as information relating to the scope of the government's ongoing investigation. Finally, a stay is in the interests of the Court and the public in efficient proceedings: namely, the results of the Criminal Case could greatly streamline the Civil Case and save the Court's time and resources by narrowing or eliminating factual issues in the Civil Case.

Napout ignores these specific and very real harms that are likely to result if the Civil Case is not stayed. On the question of discovery – just one of several identified in the government's motion – Napout oversimplifies the issue, stating, for example, that none of the documents in the government's possession would be subject to discovery in the Civil Case. Napout's Resp. at 8-9. Napout is wrong. To the extent the government obtained documents from defendants in the Civil Case, those documents would be discoverable by, among others, defendants Hugo and Mairano Jinkis, through civil defendant Full Play, notwithstanding that they have sought to evade the jurisdiction of the United States. In addition, it is the government's understanding

7

that even discovery requests sent to date, relating to jurisdiction, have sought information that pretains to the scope of the government's investigation, including the identities of thus far unnamed subjects. The government is not seeking a tactical advantage through a stay of the Civil Case, as Napout contends. Napout's Resp. at 9. Rather, the government is concerned that real harm to its ability to prosecute the Criminal Case and protect the integrity of the ongoing investigation, as discussed in the government's motion, will come to fruition if a stay is not granted. Some of these potential harms are identified in United States v. Fin. Indus. Regulatory Auth. (FINRA), 607 F. Supp. 2d 391, 393 (E.D.N.Y. 2009), which Napout quotes prominently, including the prospect that broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence, and that the revelation of the identity of prospective witnesses may create the opportunity for intimidation.

The other cases Napout cites in support of his argument present factual scenarios so different from the instant case that they reinforce the concrete nature of the harms presented here. For example, in stark contrast to this case, in several cases cited by Napout no criminal indictment had been issued, and there was no overlap between the issues in the criminal and civil proceedings. See, e.g., United States v. Banco Cafetero Int'l, 107 F.R.D. 361, 365-67 (S.D.N.Y. 1985) (holding that government's allegations of prejudice were insufficient because one criminal proceeding had not yet been charged and parties, issues, and relevant facts in other criminal proceeding were unrelated to civil proceeding); Horn v. Dist. of Columbia, 210 F.R.D. 13, 15-16 (D.D.C. 2002) (finding the government had not demonstrated that issues in criminal and civil proceedings were related or substantially similar or that civil case would likely interfere with government investigation); Whitaker v. Miami-Dade Cty., No. 13-24450-CIV-LENARD-GOODMAN, 2014 WL 12513590, *4-5 (S.D. Fla. Apr. 23, 2014) (observing that alleged prejudice to defendants, who were moving for stay, was purely speculative because criminal case had not

yet been indicted and there was no overlap between criminal and civil cases).[3]  Additional cases Napout cites are similarly distinguishable.  See, e.g., In re Ramu Corp., 903 F.2d 312, 320 (5th Cir. 1990) (remanding for a hearing on government's motion for a stay because claimants had been dispossessed of their homes without hearing, no indictment had been issued, and stay would thus severely prejudice claimants); Young v. Peraza, No. 15-60968-CIV-COHM/SELTZER, 2015 WL 4639736, at *2 (S.D. Fla. August 4, 2015) (denying stay motion filed by defendant, a police officer sued for fatal shooting, because, among other reasons, no indictment had been filed).

      B.      Staying the Civil Case Until 30 Days After the Completion of the November 2017 Criminal Trial Would Not Meaningfully Prejudice Napout or Full Play

Napout and Full Play – like the many other defendants in the Civil Case who did not file briefs objecting to the government's motion – would not be meaningfully prejudiced by a stay.  Napout professes to be eager to clear his name in the Civil Case as quickly as possible, and suggests that his interests in doing so will be prejudiced by the proposed stay.  This argument is unpersusasive.  As an initial matter, if Napout were eager to proceed "as quickly as practicable" to clear his name in the Civil Case, Napout's Resp. at 11, it is curious that he waited more than five months, from November 4, 2016, the date he was served with the complaint, see ECF Document No. 27 (Aff. of Service), until April 11, 2017, to appear in the case, and then only under Court order, see ECF Document No. 105.  In any event, placing the Civil Case on hold until 30 days after the conclusion of the November 2017 trial in the Criminal Case will not prejudice Napout.  Contrary to Napout's assertion, see Resp. at 11, the fading of witnesses' memories is not a concern given that some of the witnesses to the conduct at issue in the Civil Case may be

---

[3] In addition, courts denied the stay motions in these cases because – unlike in the instant case – the duration of the proposed stay was indefinite and/or unreasonable.  Banco Cafetero Int'l, 107 F.R.D. at 366 ("[T]he scope and duration of the requested stay is too indefinite"); Horn, 210 F.R.D. at 15 (the government failed to provide any specific reasons for the proposed duration of the requested stay).

witnesses testifying in the Criminal Case. Furthermore, even absent a stay, it is unlikely that the Civil Case would be resolved before the conclusion of the criminal trial scheduled to begin on November 6, 2017.[4]

Full Play also argues that it will be prejudiced by a stay of its motion to dismiss for lack of personal jurisdiction. Full Play's Resp. at 4-5. Full Play argues that permitting its motion to proceed will protect Full Play's right to defend itself without jeopardizing the interests identified in the government's motion because Full Play's motion purportedly does not implicate the merits of the case, discovery, Fifth Amendment privileges, or the parties' or the United States' strategies, nor does it overlap with any issues in the Criminal Case. Id. Full Play's argument should be rejected. To permit Full Play's motion to dismiss to proceed, thereby requiring multiple rounds of jurisdictional briefing and review by the Court, would, as argued by Plaintiffs, be wasteful and inefficient. See Plaintiffs' Resp. at 7-8 n.4. To ensure that the interests the government has asserted are protected, and to avoid wasting the Court's time and resources, a stay should be granted until after the conclusion of the November 2017 trial in the Criminal Case.

## CONCLUSION

In sum, the interests of the public, the government, the parties, and the Court strongly weigh in favor of granting the government's motion to intervene and to stay the Civil Proceedings until at least 30 days after the conclusion of the trial scheduled to begin in the Criminal Case on November 6, 2017.

[SIGNATURE ON NEXT PAGE]

---

[4] Napout's proposal that the Court deny the stay and instead permit the government to object to particular discovery requests as the Civil Case proceeds, Napout's Resp. at 11-12, is inefficient and does not sufficiently protect the interests asserted by the government.

Dated: Brooklyn, New York
May 15, 2017

Respectfully submitted,

BENJAMIN G. GREENBERG
Acting United States Attorney

By: /s/ Samuel P. Nitze
Samuel P. Nitze
Special Assistant United States Attorney
Special Florida Bar ID No. A5502327
271 Cadman Plaza East
Brooklyn, New York 11201
Tel: (718) 254-6465
Fax: (718) 254-6320
samuel.nitze@usdoj.gov

M. Kristin Mace
Special Assistant United States Attorney
Special Florida Bar ID No. A5502326
271 Cadman Plaza East
Brooklyn, New York 11201
Tel: (718) 254-6879
Fax: (718) 254-6478
kristin.mace@usdoj.gov

Patrick T. Hein
Special Assistant United States Attorney
Special Florida Bar ID No. A5502324
271 Cadman Plaza East
Brooklyn, New York 11201
Tel: (718) 254-6284
Fax: (718) 254-7499
patrick.hein@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on the 15th day of May, 2017.

/s/ Samuel P. Nitze
Samuel P. Nitze
Special Assistant United States Attorney