UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24431-CIV-ALTONAGA/TURNOFF

GOLTV, INC. and GLOBAL SPORTS
PARTNERS LLP,

                        Plaintiffs,

-v.-

FOX SPORTS LATIN AMERICA, LTD.;
PAN AMERICAN SPORTS ENTERPRISES
CO. d/b/a FOX SPORTS LATIN AMERICA
(individually and as successor to FOX PAN
AMERICAN SPORTS LLC); FOX
INTERNATIONAL CHANNELS (US), INC.;
FOX NETWORKS GROUP, INC. (as
successor to FOX INTERNATIONAL
CHANNELS (US), INC.); CARLOS
MARTINEZ; HERNAN LOPEZ; JAMES
GANLEY; T&T SPORTS MARKETING
LTD.; TORNEOS Y COMPETENCIAS, S.A.;
ALEJANDRO BURZACO; FULL PLAY
GROUP S.A.; CONFEDERACION
SUDAMERICANA DE FUTBOL d/b/a
CONMEBOL; EUGENIO FIGUEREDO; and
JUAN ANGEL NAPOUT,

                        Defendants.

## STIPULATED PROTECTIVE ORDER FOR JURISDICTIONAL DISCOVERY

On stipulation of the Plaintiffs GolTV, Inc. and Global Sports Partners LLP ("GolTV") and Defendant Confederacion Sudamericana de Futbol d/b/a Conmebol ("Conmebol") (collectively, the "Stipulating Parties"), the Court enters the following protective order ("Protective Order") pursuant to Federal Rule of Civil Procedure 26(c)(1).

    1.    <u>Findings</u>: The Court finds that, during jurisdictional discovery, one or more of the Stipulating Parties may be requested to produce or provide documents or information disclosing or involving trade secrets, confidential research and development information or other

confidential or proprietary commercial information. The Stipulating Parties have agreed upon reasonable procedures for the protection of such information and documents. The Court finds that the agreed procedures will protect the Stipulating Parties against the risk of injury as a result of public disclosure of confidential material. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect, with respect to documents and information produced during jurisdictional discovery, until the conclusion of this lawsuit.

2. <u>Definitions:</u>

   a. "Party" means a named party in this case, including its officers, directors and employees.

   b. "Person" means an individual or an entity.

   c. "Material" means all information, documents, items and things produced, served or otherwise provided in this action (whether paper, electronic, tangible or otherwise) by the Parties or by non-parties.

   d. "Producing Party" means a Party that provides Material in response to any jurisdictional discovery request made in this action.

   e. "Receiving Party" means a Party that receives Material produced by the Producing Party.

   f. "Designating Party" means a Party that designates Material as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" in this action.

   g. "Confidential" information is information that constitutes, contains, or reflects: (1) confidential and/or proprietary marketing or strategic information, such as non-public documents that relate to the Designating Party's business operations, strategies, practices, or plans, and marketing efforts or strategies; (2) legal advice (to the

extent the Designating Party waives privilege and elects to rely on opinions of counsel); and/or (3) any other type of information which would (a) competitively damage the Designating Party if such information was made publicly available and that (b) qualifies as trade secret information. "Confidential" material also includes non-public personal or private information, including without limitation personnel records. "Confidential" information also includes all video and audio copies of any deposition designated as "Confidential."

    h.    "Highly Confidential – Outside Counsel's Eyes Only" (hereafter, "Highly Confidential") information contains or reflects certain confidential information that is so highly sensitive to the Designating Party that its disclosure is reasonably likely to cause significant business or financial harm to the Designating Party. "Highly Confidential" material is limited to highly sensitive information within the following categories: (1) business/strategic plans and forecasts; (2) actual or projected financial information including revenues, costs, expenditures, compensation and profits; (3) actual or projected non-public marketing information including future marketing plans; (4) actual or projected detailed sales and financial data; (5) highly sensitive technical information regarding actual and potential new products and (6) source code. Highly Confidential information also includes all video and audio copies of any deposition designated as "Highly Confidential – Outside Counsel's Eyes Only."

    i.    Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the Producing Party disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is

likewise not Confidential or Highly Confidential if a Person lawfully obtained it publicly and independently of this litigation.

  j. "Protected Matters" means Confidential or Highly Confidential information, including but not limited to documents, deposition testimony, or discovery responses containing Confidential or Highly Confidential information, as well as copies thereof, disclosed or produced by the Producing Party and designated as Confidential or Highly Confidential.

3. <u>Designation of Material as Confidential or Highly Confidential:</u>

  a. The Producing Party's designation of information as Confidential or Highly Confidential means that the Producing Party believes in good faith, upon reasonable inquiry, that the information qualifies as such.

  b. The Producing Party designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only." The Producing Party may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the Producing Party causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient.

  c. The Producing Party designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the Parties present and the stenographer and videographer in writing, within seven (7) calendar days after receipt

of the deposition transcript, that the information is Confidential or Highly Confidential. Each Receiving Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control (including electronic copies).

　　　　d.　　The Producing Party's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

　　　　e.　　The Producing Party who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all Parties in the case.

　　　　f.　　If any Party to this action disputes a Producing Party's designation of information as Confidential or Highly Confidential the Party shall notify the Producing Party in writing of the basis for the dispute, identifying the specific document(s) or thing(s) as to which the designation is disputed and proposing a new designation for such materials. The Party and the Producing Party shall then meet and confer to attempt to resolve the dispute without involvement of the Court.

　　　　g.　　If the Producing Party fails to respond to the Party disputing the designation for more than three (3) business days after Producing Party receives written notice of the challenge, the Producing Party's designation shall be deemed withdrawn.

　　　　h.　　If the Parties do not resolve the dispute within seven (7) days of the Producing Party receiving written notice of the challenge, the Receiving Party or Parties receiving the Protected Matters wishing to contest the designation may file a motion with the Court with regard to any Protected Matters in dispute. The information shall remain

subject to the Producing Party's Confidential or Highly Confidential designation unless and until the Court rules otherwise or the Parties and Producing Party agree in writing to a different designation. The Producing Party bears the burden of proving, by clear and convincing evidence, that the information is properly designated as Confidential or Highly Confidential in response to any motion to modify or de-designate the information filed by the recipient. A Party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4. <u>Use and disclosure of Confidential or Highly Confidential – Outside Counsel's Eyes Only information:</u>

   a. Confidential or Highly Confidential –information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

   b. Absent written permission from the Producing Party or further order by the Court, the recipient may not disclose Confidential information to any Person other than the following: (I) a Party's outside counsel of record, including lawyers and paralegals, secretarial and clerical personnel who work for the same law firm as a Party's outside counsel of record and to whom it is necessary to disclose information for purposes of this case; (ii) in the case of a corporate Party, the Party's officers, employees and in-house counsel whose access to the information is reasonably required to supervise, manage, or participate in this case; (iii) a stenographer and videographer recording testimony concerning the information; (iv) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a Party employs for purposes of this litigation; (v) the Court and personnel assisting the Court, including any mediator

retained by the Parties to mediate this case and including members of the jury; and (vi) personnel of graphics, litigation support (including translators), and trial/jury consulting firms, including any mock jurors, engaged by a Party or its attorneys in connection with this lawsuit, who have agreed in writing to the provisions of this Order prior to receipt of Protected Matters.

c.      Absent written permission from the Producing Party or further order by the Court, the recipient may not disclose Highly Confidential information to any Person other than those identified in paragraph 4(b)(I), (iii), (iv), (v) and (vi).

d.      Each Party may designate experts or consultants to receive Confidential or Highly Confidential information of a Producing Party pursuant to paragraph 4(b) or 4© of this Order, provided that such expert or consultant (and any employees or staff of such expert or consultant), before receiving any materials designated as Confidential or Highly Confidential, agrees in writing to the conditions imposed by this Order. The Party employing such expert or consultant shall be responsible to assure compliance with the provisions of this Order.

e.      Notwithstanding the provisions of paragraph 4 hereof, a Party may disclose Confidential or Highly Confidential information to any Person who can be shown from the face of the document to have authored or received it or any Person who can be shown to have received the document before this case was filed.

f.      A Party who wishes to disclose Confidential or Highly Confidential information to a Person not authorized under paragraph 4 must first make a reasonable attempt to obtain the Producing Party's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

5. <u>Inadvertent Disclosure</u>: If a Party through inadvertence produces information without designation in accordance with this Order, the Party may give written notice to the recipient that the information produced is deemed Confidential or Highly Confidential and the information shall be treated as such in accordance with this Order. Any such written notice shall be accompanied or promptly followed by a replacement production containing properly designated documents. The recipient shall treat such information as Confidential or Highly Confidential from the date notice of the error is received. Disclosure, prior to the receipt of such written notice, to Persons not authorized to receive such information shall not be deemed a violation of this Order.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Matters to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Matters, © inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to consent in writing to the terms of this Order and be bound by such terms. Unauthorized or inadvertent disclosure does not change the status of Protected Matters or waive the right to hold the disclosed document or information as Protected Matters.

6. <u>Court Filings</u>: Filings with the Court under seal shall be handled in accordance with Local Rule 5.4. In determining whether a document should be filed under seal, the filing Party shall rely on the Confidential or Highly Confidential – designation, or lack thereof, provided by the Producing Party at the time of production. Protected Matters and any information contained therein shall be used solely for the prosecution or defense of this lawsuit

and shall not be disclosed or made available by the Receiving Party to Persons other than Persons authorized hereunder.

7. <u>Document Disposal</u>: Upon the conclusion of this case, including any appeals, the Parties agree to return or destroy all documents and copies of documents containing the other Party's Confidential or Highly Confidential information. If the hard copy Protected Matters and copies are returned, they should be returned to the counsel for the Party or Parties disclosing or producing the Protected Matters. Notwithstanding the requirements of this paragraph, a Party and its counsel may retain one complete set of all documents filed with the Court and legal memoranda, correspondence, and work product, which will remain subject to all requirements of this order. Any such archival copies that contain or constitute Protected Matters remain subject to this Protective Order. Outside counsel need not purge its document management or computer system to eliminate Protected Matters that are computer stored. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Matters for enforcement of the provisions of this Order following termination of this matter.

8. <u>Survival of Obligations</u>: This Order's obligations regarding Confidential or Highly Confidential information shall survive the conclusion of this case, including any appeal, except with respect to those documents and information that became a matter of public record.

9. <u>Third Party Requests</u>: If a Receiving Party receives a subpoena, order, or other legal process commanding the production of such Protected Matters (a "Third Party Request"), such Receiving Party shall not produce any Protected Matters in response to the Third Party Request without the prior written consent of the Producing Party or an order of a court of competent jurisdiction, except as otherwise provided by this paragraph. A Receiving Party receiving a Third Party Request shall promptly notify the Producing Party of such Third Party

9

Request, in writing (by e-mail or fax, if possible) immediately and in no event more than three (3) business days after receiving the Third Party Request. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who sent the Third Party Request that some or all the material covered by the Third Party Request is the subject of this Order and include a copy of this Order. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Producing Party in this action an opportunity to protect its confidentiality interests in the court from which the Third Party Request issued. The Producing Party shall bear the burdens and the expenses of seeking protection of its confidential material in that court. Nothing in these provisions should be construed as requiring a Receiving Party in this action to disobey a lawful directive from another court.

10. <u>Injunctive Relief</u>: The Stipulating Parties acknowledge that any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved Producing Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved Producing Party does so, any respondent who is subject to the provisions of this Protective Order may not employ as a defense that the aggrieved Producing Party possesses an adequate remedy at law.

11. <u>Binding Effect</u>: Nothing in this Order imposes an affirmative obligation on a Party to make discovery of any particular document, data, or other information. This Order shall be binding upon the Stipulating Parties and all other Parties who receive Protected Matters and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or

other persons or organizations over which they have control. The Stipulating Parties shall not be required to produce any Protected Matters to Parties who do not agree to be bound by the terms of this Order.

6. 12. <u>Survival</u>: The terms of this Protective Order shall survive the final termination of this action to the extent that any Protected Matters are not or do not become known to the public (or to the extent that any Protected Matters have become known to the public due to a violation of this Protective Order). This Court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order.

7. 13. <u>Extension of Order</u>: The scope of this Order is limited to documents and information produced by the Parties during jurisdictional discovery. However, the Parties may agree to extend the application of this Order to discovery produced during the merits phase of this action should they so choose. In the event of any such agreement, the parties may submit an agreed order extending the application of the provisions of this Order to merits discovery.

8. 14. <u>Retroactive Effect</u>: This Order shall have retroactive application to any jurisdictional discovery produced prior to entry of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida on this ___ day of June 2017.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Cecilia M. Altonaga
Counsel of Record