**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-24431-CIV-ALTONAGA/Turnoff

GOLTV, INC. and GLOBAL SPORTS PARTNERS LLP,

    Plaintiffs,

v.

FOX SPORTS LATIN AMERICA, LTD., *et al.*,

    Defendants.

**DEFENDANT CONMEBOL'S MOTION FOR LEAVE TO FILE UNDER SEAL AN UNREDACTED CONSOLIDATED JURISDICTIONAL MOTION TO DISMISS, AFFIDAVIT, AND ALL CONFIDENTIAL EXHIBITS THERETO**

Pursuant to Southern District of Florida Local Rules 5.4(b) and 7.1, Defendant Confederación Sudamericana de Fútbol ("CONMEBOL") seeks leave to file under seal: (a) an unredacted version of the Consolidated Jurisdictional Motion to Dismiss (the "Motion") (*cf.* D.E. 191); (b) an unredacted version of the affidavit of CONMEBOL's corporate representative, Fátima González (the "Affidavit") (*cf.* D.E. 192), filed in support of the Motion; and (c) all confidential exhibits attached to the Motion and Affidavit. In support, CONMEBOL states:

    1.    On June 19, 2017, this Court entered a Stipulated Protective Order governing jurisdictional discovery between Plaintiffs and CONMEBOL (D.E. 165), which provides the parties with reasonable procedures for the protection of confidential information from public disclosure. On June 28, 2017, the Court entered a second Stipulated Protective Order governing jurisdictional discovery between Plaintiffs and certain other Defendants (D.E.

174), which provides those parties with reasonable procedures for the protection of their confidential information from public disclosure (collectively with D.E. 165, the "Protective Orders").

2. Under the Protective Orders, compliance with Local Rule 5.4 is required for filing exhibits that have been marked confidential or highly confidential by the parties. (*See* D.E. 165 at ¶ 6; D.E. 174 at ¶ 15).

3. CONMEBOL's Motion attaches two documents that have been marked confidential or highly confidential by the parties under the Protective Orders. CONMEBOL's Motion also refers to the substance of those confidential documents in the body of its Motion.

4. These documents are:

   a) Fox Defendants' Supplemental Responses and Objections to Plaintiffs' First Set of Jurisdictional Discovery Interrogatories (the "Fox Interrogatory Responses") (*cf.* D.E. 191 at Ex. 3); and

   b) Broadcast contract (*cf.* D.E. 191 at Ex. 4).

(collectively, the "Confidential Motion Exhibits").

5. In support of the Motion, CONMEBOL also attaches the Affidavit (*cf.* D.E. 192), which itself attaches certain documents that have been marked confidential or highly confidential by the parties under the Protective Orders. The Affidavit also refers to the substance of those confidential documents in the body of the Affidavit.

6. These documents are:

   a) Broadcast contract #1 (*cf.* D.E. 192 Ex. A);

   b) Broadcast contract #2 (*cf.* D.E. 192 Ex. B);

c) Broadcast contract #1 (*cf.* D.E. 192 Ex. C);

d) Broadcast contract #2 (*cf.* D.E. 192 Ex. D);

e) Broadcast contract #4 (*cf.* D.E. 192 Ex. E);

f) Broadcast contract #5 (*cf.* D.E. 192 Ex. F);

g) Broadcast contract #6 (*cf.* D.E. 192 Ex. G);

h) Minutes of October 16, 2015 meeting of CONMEBOL's Executive Committee (*cf.* D.E. 192 Ex. H);

i) Offer letter #1 (*cf.* D.E. 192 Ex. I);

j) Offer letter #2 (*cf.* D.E. 192 Ex. J);

k) Offer letter #3 (*cf.* D.E. 192 Ex. K);

l) Offer letter #4 (*cf.* D.E. 192 Ex. L);

m) Offer letter #5 (*cf.* D.E. 192 Ex. M); and

n) Offer letter #6 (*cf.* D.E. 192 Ex. N)

(collectively, the "Confidential Affidavit Exhibits") (the Confidential Motion Exhibits and Confidential Affidavit Exhibits are hereinafter referred to, collectively, as the "Confidential Exhibits").[1]

7. Confidentiality over the Confidential Exhibits (and references in the Motion and Affidavit describing the substance of those Confidential Exhibits) is required to, among other things, protect from public disclosure CONMEBOL's[2] confidential and/or proprietary marketing

---

[1] Certain identifying details of the documents described herein (such as the parties named in the documents, the subject matter of the documents, and, for contracts, the contracted-for term lengths) have been withheld to preserve confidentiality, consistent with Local Rule 5.4(b)(1).

[2] As well as the other parties that have designated the Confidential Exhibits confidential or highly confidential under their respective protective order (*see* D.E. 174).

or strategic information, such as non-public documents relating to CONMEBOL's business operations, strategies, practices, or plans; marketing efforts or strategies; and trade secrets. Naturally, the public disclosure of the Confidential Exhibits would be harmful to CONMEBOL (as well as the other parties that have designated the Confidential Exhibits confidential or highly confidential under their respective protective order (*see* D.E. 174)). Furthermore, the contracts included as Confidential Exhibits, themselves, contain or incorporate confidentiality provisions. The Fox Defendants' Interrogatory Responses are similarly confidential because they contain information that has been designated confidential or highly confidential under the parties' Protective Orders.

8. In addition, given the nature of the ongoing parallel criminal proceeding, the United States has intervened in this action and advised this Court that confidentiality over certain information in this proceeding is required to protect: (1) the integrity of its ongoing grand jury investigation, including by protecting the identity of cooperating witnesses and preventing interference, flight, and other obstruction; (2) the privacy and reputation of subjects and targets of the ongoing grand jury investigation; and (3) the safety of witnesses. (*See* D.E. 125 at 3). To the extent the Confidential Exhibits touch on the United States' concerns, this is yet another ground to avoid public disclosure of these documents and information.[3]

9. Accordingly, pursuant to this Court's Protective Orders and the confidential nature of certain documents attached and/or referred to in the Motion and supporting Affidavit, CONMEBOL seeks leave to file the following documents under seal:

a) Unredacted Motion (*cf.* D.E. 191);

---

[3] In light of these concerns (as well as the various parties' Protective Orders), CONMEBOL – in an abundance of caution – has taken a restrictive approach to redacting its Motion and Affidavit.

  b) Confidential Motion Exhibits (*cf.* D.E. 191 Exs. 3 & 4);

  c) Unredacted Affidavit (*cf.* D.E. 192); and

  d) Confidential Affidavit Exhibits (*cf.* D.E. 192 Exs. A-N).

CONMEBOL further requests that these documents remain sealed until the case is designated as closed, at which point these documents shall be destroyed. A proposed order granting this relief is attached hereto as **Exhibit 1**.

10. Contemporaneous with the filing of this Motion, CONMEBOL filed on the public docket the redacted version of the Motion (D.E. 191), Affidavit (D.E. 192), and non-confidential exhibits attached thereto. (*See* D.E. 191 at Exs. 1-2, 5-6; D.E. 192 at Exs. O-R).

## MEMORANDUM OF LAW

The right of access to judicial records pursuant to the common law is well established. However, the public's right of access is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and citations omitted).

In balancing these interests to determine whether documents should be placed under seal, courts consider: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials of public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.*

Based on the foregoing, the purported privacy and proprietary interests in this

information overcomes the public's interest in accessing the information.

**WHEREFORE**, CONMEBOL respectfully requests that the Court enter an Order sealing the un-redacted version of the Motion, Affidavit, and Confidential Exhibits until this case is designated as closed, at which time the papers filed under seal shall be destroyed, and enter such other and further relief as this Court deems proper and just.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), on July 10, 2017 (and once again in a follow-up email on July 12, 2017) undersigned counsel emailed the parties and intervenor who may be affected by the relief sought in this motion in a good faith effort to resolve by agreement the issues raised in this motion. As of the time of this filing, the following positions were taken:

- Plaintiffs GolTV, Inc. and Global Sports Partners LLP; Defendants T&T Sports Marketing LTD, Torneos y Competencias, S.A., Hernan Lopez; Full Play Group, S.A., and the United States (as intervenor) have no objection.

- The Fox Defendants do not object to the filing under seal, but object to CONMEBOL providing an unredacted copy of the Motion, Affidavit, or Confidential Exhibits to any of the co-defendants who did not join in the Protective Orders. However, each of the defendants who has entered an appearance in this case now has agreed to move for an order amending the Protective Orders such that each of these defendants will be bound by both Orders. Should the Court grant the motion, the Fox Defendants will withdraw their objection as to any defendant who is bound by the Protective Orders.

- Defendant Juan Angel Napout takes no position.

- As of the filing of this Motion, the following Defendants have not responded: Carlos Martinez, James Ganley, Alejandro Burzaco, and Eugenio Figueredo.

Dated: July 13, 2017

Respectfully submitted,

| **CAREY RODRIGUEZ MILIAN GONYA, LLP** | **AMSTERDAM & PARTNERS LLP** |
|---|---|
| By: /s/ *Juan J. Rodriguez* | |
| Juan J. Rodriguez, Esq. | Andrew J. Durkovic, Esq.* |
| Florida Bar No. 613843 | a.durkovic@amsterdamandpartners.com |
| Primary: jrodriguez@careyrodriguez.com | 601 13th St., NW - Eleventh Floor South |
| Secondary: cperez@careyrodriguez.com | Washington, DC 20005 |
| David M. Levine, Esq. | Phone (202) 534-1804 |
| Florida Bar No. 84431 | Fax (202) 202-833-9392 |
| dlevine@careyrodriguez.com | |
| 1395 Brickell Avenue, Suite 700 | *\*Pro hac vice* |
| Miami, FL 33131 | |
| Telephone: 305-372-7474 | |
| Facsimile: 305-372-7475 | |

*Attorneys for Defendant CONMEBOL*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 13, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF served it via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Juan J. Rodriguez*
Juan J. Rodriguez, Esq.

**Service List**

**Marcelo M. Blackburn, Esq.**
**John P. Figura, Esq.**
**Seth M. Kruglak, Esq.**
**Thomas J. McCormack, Esq.**
**Julissa Reynoso, Esq.**
Chadbourne & Parke, LLP
1301 Avenue of the Americas
New York, NY 10019-6022
mblackburn@chadbourne.com
jfigura@chadbourne.com
skruglak@chadbourne.com
tmccormack@chadbourne.com
jreynoso@chadbourne.com

**Stephen Bernard Gillman, Esq.**
**Peter Harlan Levitt, Esq.**
Shutts & Bowen
200 S Biscayne Boulevard
Suite 4100
Miami, FL 33131
sgillman@shutts.com
plevitt@shutts-law.com
*Attorneys for Plaintiffs Global Sports Partners LLP and GolTV, Inc.*

**Ramon A. Abadin, Esq.**
Sedgwick LLP
2 South Biscayne Boulevard
One Biscayne Tower - Suite 1500
Miami, FL 33131
ramon.abadin@sedgwicklaw.com

**James E. Sharp, Esq.**
**Stephen W. Grafman, Esq.**
Sharp & Associates, PLLC
1215 19th Street, N.W.
Washington, DC 20005
jsharp@sharp-assoc.com
sgrafman@sharp-assoc.com
*Attorneys for Defendant Carlos Martinez*

**Jacqueline Becerra, Esq.**
**Francisco Oscar Sanchez, Esq.**
Greenberg Traurig
333 Avenue of the Americas
Suite 4400
Miami, FL 33131
becerraj@gtlaw.com
sanchezfo@gtlaw.com
*Attorneys for Defendant Juan Angel Napout*

**Sean P. Casey, Esq.**
Kobre & Kim LLP
800 Third Avenue
New York, NY 10022
Sean.Casey@kobrekim.com

**John Daniel Couriel, Esq.**
Kobre & Kim, LLP
2 South Biscayne Boulevard
35th Floor
Miami, FL 33131
john.couriel@kobrekim.com
*Attorneys for Defendant Alejandro Burzaco*

**Stephanie Anne Casey, Esq.**
**Roberto Martinez**, **Esq.**
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134
scasey@colson.com
bob@colson.com
*Attorneys for Defendant T&T Sports Marketing Ltd.*

**Christina Maria Ceballos-Levy, Esq.**
**Richard H. Critchlow, Esq.**
**Jeffrey Todd Foreman, Esq.**
Kenny Nachwalter, P.A.
Four Seasons Tower
1441 Brickell Avenue
Suite 1100
Miami, FL 33131-4327
rcritchlow@knpa.com
ccl@knpa.com
jforeman@knpa.com
*Attorney for Defendant Full Play Group, S.A.*

**Benedict P. Kuehne, Esq.**
**Michael T. Davis, Esq.**
Benedict P. Kuehne, P.A.
100 S.E. 2nd Street, Suite 3550
Miami, FL 33131
mdavis@kuehnelaw.com
ben.kuehne@kuehnelaw.com
*Attorneys for Defendant James Ganley*

**H. Rowan Gaither, IV, Esq.**
**Maria Lapetina, Esq.**
**David Massey, Esq.**
**T. Jakob Sebrow**
Richards Kibbe & Orbe, LLP
200 Liberty Street
New York, NY 10281
rgaither@rkollp.com
mlapetina@rkollp.com
dmassey@rkollp.com
jsebrow@rkollp.com

**Gerald Edward Greenberg, Esq.**
**Freddy Funes, Esq.**
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue
Suite 2010
Miami, FL 33131
ggreenberg@gsgpa.com
ffunes@gsgpa.com
*Attorneys for Defendant Torneos y Competencias, S.A.*

**Samuel Josephs, Esq.**
**Jennifer E. LaGrange, Esq.**
**Matthew Donald Umhofer, Esq.**
Spertus, Landes & Umhofer, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
sam@spertuslaw.com
matthew@spertuslaw.com
jennifer@spertuslaw.com

**Ryan K. Stumphauzer, Esq.**
Stumphauzer & Sloman, PLLC
One SE Third Ave.
Suite 1820
Miami, FL 33131
rks@oquinnstumphauzer.com
*Attorneys for Defendant Hernan Lopez*

**Curtis Joseph Mahoney, Esq.**
**Tobin Joe Romero, Esq.**
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
CMahoney@wc.com
TRomero@wc.com

**Morgan Amanda McDonough, Esq.**
**Jay Brian Shapiro, Esq.**
Stearns Weaver
150 West Flagler
Ste 2200
Miami, FL 33130
jshapiro@stearnsweaver.com
*Attorneys for Defendants Fox International Channels (U.S.) Inc.,
Fox Networks Group, Inc., Fox Sports Latin America, Ltd. and
Pan American Sports Enterprises Company*

**Samuel Nitze**
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
Samuel.Nitze@usdoj.gov
*Attorney for United States of America (Intervenor)*

11