UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24431-CIV-ALTONAGA/Turnoff

**GOLTV, INC.**, *et al.*,

    Plaintiffs,
vs.

**FOX SPORTS
LATIN AMERICA, LTD.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiffs, GolTV, Inc. and Global Sports Partners LLP's Amended Motion for Reconsideration of the September 19, 2017 Order Dismissing Plaintiffs' Claims Against Defendant Full Play Group S.A. for Lack of Personal Jurisdiction [ECF No. 264], filed October 18, 2017. Plaintiffs assert the Court erred by misapplying the law and misinterpreting the facts in the Order [ECF No. 238] dismissing Full Play. (*See generally* Mot.). Plaintiffs bring the Motion under Federal Rule of Civil Procedure 60(b), explaining the Court has the authority to "grant relief from judgments for mistakes in the application of the law." (Reply 3 (citations omitted)). The Court has carefully considered the Motion; Defendant, Full Play Group, S.A.'s Response in Opposition [ECF No. 268]; Plaintiffs' Reply [ECF No. 270]; the record; and applicable law.

"Reconsideration is granted only in extraordinary circumstances and is committed to the sound discretion of the district judge." *Reiseck v. Universal Commc'ns of Miami, Inc.*, 141 F. Supp. 3d 1295, 1301 (S.D. Fla. 2015) (internal quotation marks and citations omitted). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or

prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (alteration added; citations omitted). "A motion for reconsideration is not an opportunity for the moving party and their [sic] counsel to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). It is "an improper use of[] the motion to reconsider to ask the Court to rethink what the Court . . . already thought through — rightly or wrongly[.]" *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (first and last alterations added; citations omitted); *see also Belen Jesuit Preparatory Sch. v. Sportswear, Inc.*, No. 15-cv-22194, 2016 WL 4718163, at *2 (S.D. Fla. May 12, 2016) (denying a motion for reconsideration that raised the same arguments considered by court in the original motion).

Plaintiffs make a series of statements based on the erroneous premise the Court previously found the Amended Complaint [ECF No. 78] sufficiently established a *prima facie* case of jurisdiction over Full Play. The Court made no such finding and clarifies below.

First, Plaintiffs contend the Court did not apply the correct standard in the Order. (*See* Mot. 3). Plaintiffs argue the Court erred in giving Full Play "the benefit of a standard to which it was not entitled." (*Id.* 2). According to Plaintiffs, the Court found the Amended Complaint made a prima facie showing of jurisdiction (*see id.* 1), and so it erred by shifting the burden to Full Play (*see id.* (citing to Order, 16)). They argue once the Court found a prima facie case of personal jurisdiction based on the pleading, the jurisdictional inquiry should have stopped there because Full Play did not submit evidence controverting the allegations. (*See id.* 4).

In its Response, Full Play states the Court's decision was based solely on the Amended Complaint and its exhibits — not on a failure by Plaintiffs to refute evidence provided by Full Play. (*See* Resp. 2). Plaintiffs' Motion attempts to re-characterize the following language

2

from the Order as indicative of the Court having shifted the burden: "The burden shifts to Full Play upon Plaintiffs' *prima facie* showing jurisdiction exists under the tortious activity provision of the long-arm statute." (Order 16; *see also* Mot. 1). This restatement of the legal standard does not constitute a finding. Reading the sentence in context, it is clear the Court relied on Full Play's arguments related to the allegations of the Amended Complaint and its exhibits to determine no *prima facie* showing of jurisdiction was made.

The Court evaluated the Amended Complaint and exhibits; the briefing brought to light the Amended Complaint was citing to the Superseding Indictment [ECF Nos. 78-1–78-2] as though the exhibit held information relevant to the conspiracy alleged in this case (*see* Am. Compl. ¶ 44), when in fact it did not (*see id*. Superseding Indictment ¶ 360). The Court was entitled to rely on the Superseding Indictment because it was both part of Plaintiffs' Amended Complaint and cited as evidence by Full Play. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) ("[E]xhibits [to the complaint] are part of the pleading for all purposes." (alterations added; internal quotations marks and citation omitted)).

In its Motion to Dismiss, Full Play pointed out the Superseding Indictment and Amended Complaint did not directly connect Full Play or its alleged agents with the bribery of Conmebol officials as it relates to the soccer tournaments at issue in this case: Copa Libertadores, Copa Sudamericana or Recopa Sudamericana. (*See* Motion to Dismiss [ECF No. 203] 53). Ultimately, the lack of specific connections in the pleading led the Court to find Plaintiffs did not meet their burden of demonstrating prima facie jurisdiction over Full Play. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) ("A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." (citation omitted)). The Court did not hold Plaintiffs to a higher burden or extend the jurisdictional inquiry beyond a

3

determination of whether Plaintiffs established a prima facie case of personal jurisdiction.

Second, Plaintiffs argue the Court misinterpreted the Superseding Indictment's facts. (*See* Mot. 4). Since the Order relied on the facts in the Superseding Indictment regarding a meeting in South Florida between Defendant Alejandro Burzaco and Hugo and Mariano Jinkis in the decision to dismiss Full Play, Plaintiffs ask the Court to revisit its decision. (*See id.*). Plaintiffs argue that while the Superseding Indictment stated the Miami meeting was about a tournament not at issue in this case – the Copa America tournament (*see* Resp. 3), the Superseding Indictment did not say Copa America was the only topic discussed – meaning there is no evidence the Copa Libertadores, Copa Sudamericana or Recopa Sudamericana tournaments were not discussed (*see* Mot. 5).

The Amended Complaint does not assert the tournaments at issue in this case were discussed at the Miami meeting. (*See generally* Am. Compl.; *see also* Resp. 3). The Amended Complaint states, "the DOJ alleged that Hugo Jinkis and Mariano Jinkis met in South Florida with Burzaco and an individual named Jose Hawilla to discuss the payment of bribes to Conmebol officials." (Am. Compl. ¶ 44 (citing to Superseding Indictment ¶ 360); *see also* Mot. 4). The Superseding Indictment provides information about an unrelated conspiracy not involving the three abovementioned soccer tournaments at the center of this case. Even assuming the facts alleged in the Superseding Indictment merely reference one of the conspiracies discussed during the South Florida trip, the Amended Complaint still does not allege whether there was any discussion of the three soccer tournaments at issue. (*See id.*; *see also* Resp. 3). Taking the facts of the Amended Complaint as true and reading them in the light most favorable to the Plaintiffs, the Amended Complaint and its exhibits are not sufficiently detailed to connect Full Play to any injury suffered by Plaintiffs because it does not connect the conspiracy to bribe Conmebol officials to the Copa Libertadores, Copa Sudamericana, or Recopa

Sudamericana tournaments. (*See* Resp. 3).

Third, Plaintiffs argue the Court erred by making the Miami meeting determinative of whether there was jurisdiction or not. (*See* Mot. 5). Plaintiffs accuse the Court of finding "Full Play engaged in communications into and from Florida, with Florida co-conspirators in a bribery conspiracy that related to the Copa Libertadores and caused injury in Florida, provid[ing] sufficient basis to support a prima facie showing of jurisdiction." (*Id*. 5 (alteration added) (citing Order 15–16)).

The Court did not make a finding of prima facie jurisdiction. (*See generally* Order). The Court did contemplate Plaintiffs' allegations that Full Play's owners, the Jinkises, "engaged in communications and traveled to and from Florida to further bribe schemes to pay off Conmebol officials in exchange for T&T Sports Marketing's securing of tournament broadcast rights" (*id*. 15), and Full Play had contacts imputed to it by co-conspirators' actions in Florida (*see id*. 16). But the Court also held while the Amended Complaint's allegations placed other Defendants in Florida to further the bribery of Conmebol officials, it did not tie Full Play to a conspiracy regarding the tournaments at issue. (*See id*. 18–19).

Last, Plaintiffs assert the Court erred in finding Full Play is not subject to Florida's long-arm statute, given Full Play's involvement in a conspiracy in which co-conspirators with ties to Florida committed acts causing Plaintiffs injury in Florida. (*See* Mot. 5–6). The Court held "Full Play has presented competent arguments for why the long-arm statute is inapplicable, and so the Court cannot conclude it possess personal jurisdiction over Full Play." (Order 18–19). Plaintiffs now repeat the same arguments they previously raised regarding the applicability of Florida's long-arm statute to Full Play based on co-conspirators' contact with Florida. "Courts in this district have emphasized that a motion for reconsideration should not be used to reiterate arguments previously made." *Gould v. Furr*, No. 15-CIV-60213, 2015 WL 1587449,

5

at *4 (S.D. Fla. Apr. 9, 2015) (citations omitted). Nonetheless, the Court addresses Plaintiffs' arguments regarding Florida's long-arm statute below.

Plaintiffs' assertions that Full Play had knowledge of bribes to Conmebol officials (*see* Am. Comp. ¶¶ 77, 101), and the Court previously found Plaintiffs suffered an injury in Florida (*see* Order 7 n.6), fail to persuade reconsideration is warranted. The Eleventh Circuit has adopted a test governing personal jurisdiction pursuant to Florida's long-arm statute (*see* Fla. Stat. § 48.193(1)(a)), which requires the following factors in order for a defendant to be subject to personal jurisdiction based on the Florida contacts of its co-conspirators: "(1) the existence of an actionable conspiracy; (2) the defendant's membership in the conspiracy; (3) the occurrence of a substantial act or substantial effect in furtherance of the conspiracy in the forum state; (4) the defendant's actual or constructive knowledge of the act in the forum state or that the act outside the state would have an effect in the state; and (5) the conspiracy conduct's direct or foreseeable cause of the act or effect." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1217 (11th Cir. 1999) (citation omitted).

Plaintiffs "do not allege that Full Play actually entered into an agreement to conspire or even what exactly Full Play did to further that conspiracy." (Mot. to Dismiss 58). While Plaintiffs allege facts of an actionable conspiracy, they fail to provide sufficient facts as to Full Play's membership. Because Plaintiffs' allegations regarding Full Play's participation in the conspiracy are extremely vague, Plaintiffs do not satisfy the *Posner* five-part test. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (finding vague and conclusory allegations to be insufficient to establish prima facie case of personal jurisdiction over defendant based on role in a conspiracy). As a result, there is no prima facie personal jurisdiction under the Florida long-arm statute based on co-conspirators' contacts with the forum.

Plaintiffs do not show any clear errors of law or fact in the Order dismissing Full Play for

6

CASE NO. 16-24431-CIV-ALTONAGA/Turnoff

lack of personal jurisdiction. Accordingly, it is

**ORDERED AND ADJUDGED** that the Amended Motion for Reconsideration of the September 19, 2017 Order Dismissing Plaintiffs' Claims Against Defendant Full Play Group S.A. for Lack of Personal Jurisdiction **[ECF No. 264]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 27th day of November, 2017.

                                        **CECILIA M. ALTONAGA**
                                        **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record