UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-CV-24431-ALTONAGA/McAliley

GOLTV, INC., *et al.*,

                                                           Plaintiffs,

-against-

FOX SPORTS LATIN AMERICA, LTD, *et al.*,

                                                         Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF REQUESTS FOR PRODUCTION
SERVED ON DEFENDANT JUAN ANGEL NAPOUT**

Plaintiffs GolTV, Inc. and Global Sports Partners LLP (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their Requests for Production Nos. ("Requests") 5-7 and 9-15 served on Defendant Juan Angel Napout ("Napout") and in response to Napout's[1] memorandum of law.[2]

**PRELIMINARY STATEMENT**

The current dispute focuses solely as to whether Napout's acts of production of documents in response to Plaintiffs' Requests violate Napout's Fifth Amendment rights. As Plaintiffs have informed the Court, these modified Requests are a result of the parties' discussions throughout the

---

[1] "Napout MOL" refers to Defendant Napout's Memorandum of Law in Support of Defendant Juan Angel Napout's Fifth Amendment Objection to Plaintiffs' Requests for Production Nos. 5-7 and 9-15 (ECF No. 387), filed on May 15, 2018.

[2] Intervenor The United States (the "government) also filed a memorandum of law. "Gov't MOL" refers to the government's Memorandum of Law in Support of Objections to Certain Discovery Requests (ECF No. 385), filed on May 15, 2015. The government, however, takes no position as to Napout's objections to the Requests based on the Fifth Amendment privilege. *See id.*

discovery process. That is, while Napout informed Plaintiffs that he would object to any request on Fifth Amendment grounds, regardless of how it was worded, Plaintiffs modified their initial requests consistent with guidance from controlling case law in an attempt to alleviate Napout's Fifth Amendment concerns.

Even in light of clear and controlling decisions that discuss the applicability of the Fifth Amendment privilege to production of documents, Napout fails to articulate how the Fifth Amendment protection is triggered here. This Court should overrule Napout's objections to Plaintiffs' Requests.

**RELEVANT BACKGROUND**

A. <u>Napout's Criminal Case</u>

On May 20, 2015, a federal grand jury sitting in the Eastern District of New York returned a 47-count indictment charging 14 individuals including but not limited to Defendant Alejandro Burzaco, with racketeering conspiracy, wire fraud, and money laundering offenses, among other crimes. Six months later, on November 25, 2015, the grand jury returned a 92-count superseding indictment charging 16 additional defendants, this time including Napout. *See United States v. Napout, et al.*, 15-CR-252 (S-2) (PKC) (the "Criminal Case").

Following a series of guilty pleas of more than 20 individuals and corporate entities, Napout, along with two other former Conmebol officials (Jose Maria Marin and Manuel Burga), proceeded to a jury trial in the Eastern District of New York. After a six-week trial in November and December 2017, Napout was convicted of three counts of criminal conspiracy relating to his involvement, namely, the receipt of bribes, in connection with the tournaments hosted by Conmebol, including the Copa Libertadores—a tournament at issue in this case.

B. Requests 5-7, 9-15

Napout inadvertently excluded several of the Requests currently in dispute from his memorandum of law. *Compare* Napout MOL 2-3 *with* Pls.' Am. Notice of Discovery Hearing 7-8 (ECF No. 352). The following Requests are at issue:

- Modified Request 5: All communications between You and GolTV, Inc., Global Sports Partners LLP, Paco Casal and Nelson Gutierrez.

- Request 6: All Conmebol board minutes and resolutions.

- Modified Request 7: All communications between You and the following Conmebol representatives: Manuel Burga, Carlos Chavez, Luis Chiriboga, Rafael Esquivel, and Luis Bedoya

- Modified Request 9: All communications between You and T&T Sports Marketing Ltd.

- Modified Request 10: All communications between You and Fox Sports Latin America, Ltd., Pan American Sports Enterprises Company, Fox International Channels, (US) Inc., Fox Networks Group, Inc., Hernan Lopez, Carlos Martinez and James Ganley.

- Modified Request 11: All communications between You and Alejandro Burzaco and Torneos y Competencies, S.A.

- Modified Request 12: All communications between You and Hugo Jinkis, Mariano Jinkis, Yorkfields S.A., Cross Trading S.A., Bayan Group S.A., and Full Play.

- Modified Request 13: All communications between You and Jose Marguiles, Somerton Ltd., Valente Corp., and Spoart S.A.

- Modified Request 14: All communications between You and Productora de Eventos S.A., FPT Sports S.A., and Arco Business & Development Ltd.

- Request 15: All documents produced to, or received from, FIFA, Conmebol, the DOJ or non-U.S. prosecutors, or U.S. or non-U.S. courts, in connection with any investigation or case involving Club Tournament Rights, including but not limited to: (a) any presentations shown to or provided to the DOJ, including but not limited to PowerPoint presentations or written submissions; and (b) any interview memoranda or summaries produced to or read to the DOJ in whole or in part.[3]

---

[3] Following the April 24, 2018 hearing, Plaintiffs engaged in a series of discussions with Napout and the government. During these discussions, Request 15 was narrowed. Request 15 currently seeks

Plaintiffs' Requests seek three general categories of documents (i) communications received or sent by Napout (Requests 5, 7, 9-14); (ii) Conmebol board minutes (Request 6); and (iii) documents produced by the government during the course of criminal discovery reflecting communications received or sent by Napout (Request 15). Napout broadly asserts the same objection to each of these categories of documents based on the Fifth Amendment.

Napout also objects to Request 15 on the basis of the protective order entered into in the Criminal Case. *See Napout*, 15-CR-252 (S-2) (PKC), ECF No. 197 [hereinafter the "Protective Order"]. This objection, however, is not currently before the Court. Following the April 24, 2018 hearing, the government suggested that the parties first resolve Napout's objection based on the Fifth Amendment prior to addressing the parties' objections based on the Protective Order. Plaintiffs and Napout subsequently entered into a stipulation whereby the parties agreed to initially resolve Napout's Fifth Amendment objection and to continue to meet and confer as to any documents subject to the Protective Order, without prejudice to the parties' ability to bring any further disagreement before the Court. *See* Stipulation Regarding Pls.' First Set of Requests for Production to Def. Napout, ECF No. 382.

**ARGUMENT**

A. <u>Napout's Fifth Amendment Privilege Does Not Permit Him to Refuse to Produce Documents Simply Because the Documents May Be Incriminating</u>

Napout's assertion that he is protected from producing documents that may contain incriminating information or that may be used against him in a criminal action misapprehends the scope and application of the Fifth Amendment. It is well established that the Fifth Amendment protects against "compelled testimonial evidence." *United States v. Hubbell*, 530 U.S. 27, 35-36

---

documents produced by the government during the course of criminal discovery reflecting communications received or sent by Napout.

4

(2000); *Fisher v. United States*, 425 U.S. 391, 409-10 (1976).  As such, documents prepared before they were requested by a party in litigation do not trigger the Fifth Amendment, *even if they contain incriminating information* that may be used against the producing party in a criminal case.  *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1371 (S.D. Fla. 2012) ("It has long been established that a person may be required to produce specific documents, even though they contain incriminating information." (citing *Hubbell*, 530 U.S. at 35-36; *Fisher*, 425 U.S. at 409-10)); *see also U.S. v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991) (recognizing that "the contents of voluntarily prepared business records are not protected by the fifth amendment privilege against self-incrimination").  Thus, Napout's objection to the production of documents on this basis to Requests 5-7 and 9-14 should be overruled.

    B. <u>There Is No Testimonial Aspect to Responding to the Modified Requests for Production that Could Incriminate Napout</u>

Napout's objection to the Requests on the ground that the act of producing documents will implicate his Fifth Amendment rights should also be overruled.  While an act of production can implicitly communicate incriminating statements of fact, those concerns are not at issue because Plaintiffs have modified the Requests to eliminate any Fifth Amendment concerns.

The Eleventh Circuit has explained that Fifth Amendment protection is *not* triggered where merely some physical act is compelled—that is, "where the individual is not called upon to make use of the contents of his or her mind" *or* where it can be shown "with reasonable particularly that, at the time [that] the act of production was [sought to be compelled], . . . the materials [were already known of', thereby making any testimonial aspect [of the production] a 'foregone conclusion.'" *In re Grand Jury Subpoena Duces Tecum Dated Mar. 25, 2011*, 670 F.3d 1335, 1345-47 (11th Cir. 2012) ("*Grand Jury Subpoena*") (recognizing that while the Fifth Amendment requires "some specificity" in the requests, "[it] does not demand . . . the documents [sought]" to be "identif[ied]

5

exactly"); *see also Sallah*, 855 F. Supp. 2d at 1372.  As modified, the individual requests specifically identify the documents sought so that there can be no argument that the act of producing documents would require Napout to use the "contents of his mind" to communicate some statement of fact.

      a.  <u>Requests 5, 7, 9-14</u>

Requests 5, 7, and 9 through 14 seek communications involving Napout.  Request 7, for example, seeks communications between Napout and certain named Conmebol representatives (*i.e.*, Manuel Burga, Carlos Chavez, Luis Chiriboga, Rafael Esquivel, and Luis Bedoya).  This request simply requires Napout to identify and produce those e-mails in which his name and the name of one of the listed Conmebol representatives are printed in the "to", "from", "cc", and "bcc" fields.  For example, if Napout received an e-mail from Mr. Burga, a former Conmebol representative, then the document is responsive.

Such a request calls for an "objectively determinable universe of documents" and "do[es] not require [Napout] to employ 'the contents of his mind' to choose what documents might be responsive to the" request.  *Sallah*, 855 F. Supp. 2d at 1373 (holding similar requests do not trigger Fifth Amendment protection).  Napout's argument that such an exercise requires him to make a judgment call is not only misplaced but has been rejected by courts.  *See id*.  As the court recognized in *Sallah*, a document is either a communication between the persons identified or it is not— "there is no grey area or room for discretion."  *Id*.

Moreover, the act of producing documents in response to Requests 5, 7, and 9 through 14 does not divulge any new information, let alone any conceivable incriminating information.  The requests are limited to communications received or sent by Napout.  With respect to the above example, the only information that is being divulged is that the document is a communication

6

between Napout and Mr. Burga.  There is nothing incriminating about that.

Further, Napout fails to distinguish *Sallah* from the facts of this case.  Napout MOL 6.  First, Napout mistakenly claims that *Sallah* is distinguishable because the requesting party in that case had access to the documents sought.  *Id*.  That is simply an inaccurate reading of *Sallah*.  There is nothing to suggest that the requesting party had access to the documents sought.  Moreover, if the requesting party had access to the documents sought, there would be no need to *compel* the producing party.  Second, contrary to Napout's assertion that the documents here cannot be authenticated, the communications requested by Plaintiffs can be authenticated by any of the persons identified in Requests 5, 7 and 9 through 14.  Such communications do not need to be authenticated by Napout.

    b.  Request 6

Napout objects to Request 6 in a footnote because he cannot be required to "(i) determine what documents constitute the minutes or resolutions of Conmebol's board, and (ii) confirm the existence, possession, and authenticity of such documents through his act of production."  Napout MOL 7.  Despite the fact that Napout fails to carry his burden here, like the above requests, Request 6 does not trigger Fifth Amendment protection.

*Sallah* is again instructive.  In *Sallah*, the producing party sought tax records and contracts from the requesting party.  The court held that the request did not violate the Fifth Amendment privilege because it involved only a "physical production of records known with reasonable particularity to exist."  *Sallah*, 855 F. Supp. 2d at 1374.  The requested Conmebol board minutes undoubtedly exist, as the government entered an example of the meeting minutes during the Criminal Trial.  *See* Gov't Ex. 1352-T.  Further, the minutes can be authenticated through *other* representatives from Conmebol.

Similarly, the production of Conmebol board minutes does not require Napout to make any judgment calls or exercise discretion in determining what is responsive to this request. *See, e.g.*, *Sallah*, 855 F. Supp. 2d at 1374 (holding that the production of tax records and contracts did not require the producing party to use the contents of his mind).

    c. Request 15

As modified, Request 15 seeks documents produced by the government to Napout that reflect statements made by Napout. Like Requests 5, 7, and 9 through 14, this Request simply seeks communications that were sent or received by Napout. The only distinction is that these documents were produced by the government to Napout.

As explained above, Request 15 seeks an objectively determinable universe of documents. Plaintiffs solely seek e-mail communications that were sent or received by Napout. E-mails have "to", "from", "cc", and "bcc" fields. To the extent Napout is included in any of these fields, the document is responsive. It is hard to fathom that such an exercise would require Napout to use his discretion. *See id*. at 1373.

Finally, *Doe No. 2 v. Epstein*, No. 08-80811-CIV, 2009 WL 10667852, at *7 (S.D. Fla. Aug. 4, 2009) does not help Napout. *Epstein* does not involve a scenario where a defendant has undergone a criminal trial and where the government has formally produced documents to the criminal defendant.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court overrule Napout's objections to Requests 5 through 7 and 9 through 14.

| | |
|---|---|
| Dated:  May 29, 2018 | /s/ *Julissa Reynoso* |
| Peter H. Levitt (FBN 650978)<br>Stephen B. Gillman (FBN 196734) | Seth C. Farber (*pro hac vice*)<br>Julissa Reynoso (*pro hac vice*)<br>George Mastoris (*pro hac vice*)<br>Marcelo Blackburn (*pro hac vice*)<br>Cristina I. Calvar (FBN 114201)<br>Michael A. Fernández (*pro hac vice*)<br>Lauren Duxstad (*pro hac vice*)<br>Ariel Flint (*pro hac vice*) |
| SHUTTS & BOWEN LLP<br>200 South Biscayne Boulevard<br>Suite 4100<br>Miami, FL 33131<br>Tel.:  (305) 358-6300<br>Fax:  (305) 381-9982<br>plevitt@shutts.com<br>sgillman@shutts.com | WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166-4193<br>Tel.:  (212) 294-6700<br>Fax:  (212) 294-4700<br>sfarber@winston.com<br>jreynoso@winston.com<br>gmastoris@winston.com<br>mblackburn@winston.com<br>ccalvar@winston.com<br>mafernandez@winston.com<br>lduxstad@winston.com<br>aflint@winston.com |

*Counsel for Plaintiffs GolTV, Inc. and Global Sports Partners LLP*

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of May, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record.

/s/ Cristina I. Calvar