UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24431-CIV-ALTONAGA/McAliley

**GOLTV, INC.** and
**GLOBAL SPORTS PARTNERS LLP**,

 Plaintiffs,
v.

**FOX SPORTS LATIN AMERICA**, *et al.*,

 Defendants.
_____/

## ORDER

 **THIS CAUSE** came before the Court on Defendants, Fox Sports Latin America, Ltd.; Pan American Sports Enterprises Company; Fox International Channels (US), Inc.; Fox Networks Group, Inc.; Carlos Martinez; and Hernan Lopez's (the "Movants['s]") Motion to Stay [ECF No. 450], filed August 1, 2018. The Court has carefully reviewed the Motion and its supporting exhibits (*see* [ECF Nos. 450-1 to 450-18]); the record; and applicable law.

 "The District Court has broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also Johnson v. Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling." (alteration added; citations omitted)). Indeed, "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (alterations added; citations omitted). Although the "mere existence of parallel criminal and civil proceedings does not compel a stay

of the civil proceeding," courts "must stay a civil proceeding pending resolution of a related criminal prosecution . . . when 'special circumstances' so require in the 'interests of justice.'" *Pozdol v. City of Miami*, 996 F. Supp. 2d 1290, 1301 (S.D. Fla. 2014) (alteration added) (quoting *United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994)).

Movants detail how, during the course of merits discovery, the Government through its objections and directives to cooperating witnesses, is preventing the Fox Defendants, Martinez, and Lopez from obtaining information about "the unfounded accusations linking them to this case." (Mot. 11). As a result of the Government's successful measures taken to impede Movants from obtaining necessary discovery to defend themselves, Movants state they are in the untenable position of "litigation by naked accusation" while being required to produce their own discovery. (*Id.* 15). Movants reference the pendency of the interlocutory appeal (*see* Order [ECF No. 321]), noting if the Eleventh Circuit agrees with them, the "discovery disputes will be for naught." (Mot. 18). To ease the prejudice faced by Movants and enable Plaintiffs to receive fulsome responses to their own discovery requests, Movants therefore request the Court reconsider its earlier denial of a stay of the case and stay non-document discovery pending completion of the Government's investigation. (*See id.* 17).

While Movants describe theirs as a request to stay non-document discovery, in concluding they ask "the Court stay this case pending the government's conclusion of its criminal investigation, so that they can meaningfully defend themselves." (*Id.* 21). All parties, including Plaintiffs, consent or take no position with regard to the relief Movants seek. (*See id*. 22). Given the adverse impact upon the parties' ability to prepare the case resulting from the Government's ongoing investigation and discovery objections, combined with the interlocutory

2

appeal, the Court agrees the case should be stayed until the conclusion of the interlocutory appeal and the related criminal investigation.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Joint Motion to Stay **[ECF No. 450]** is **GRANTED**. This case is **STAYED**. The Clerk of the Court is **DIRECTED** to mark the case **CLOSED** for statistical purposes only. All pending motions are **DENIED** as moot, and the August 9, 2018 Hearing [ECF No. 443] is cancelled. The Court nonetheless retains jurisdiction and the case shall be restored to the active docket upon Court order following motion of a party. The parties shall file joint status reports every 60 days beginning **October 2, 2018**, advising the Court of the status of the interlocutory appeal and the Government's related criminal investigations.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of August, 2018.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record