UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24431-CIV-ALTONAGA/MCALILEY

GOLTV, INC., *et al.*,

    Plaintiffs,

vs.

FOX SPORTS LATIN AMERICA, LTD.,
*et al.*,

    Defendants.

_____/

## ORDER FOLLOWING AUGUST 1, 2018, DISCOVERY HEARING
## AND
## CLARIFICATION OF ORDER ENTERED ON JULY 18, 2018 [ECF 432]

On August 1, 2018, the Court held a discovery hearing. It did so in response to these three notices of discovery disputes that Defendant Carlos Martinez filed: (1) the first concerns interrogatories and document requests Martinez served on Defendant Alejandro Burzaco, and Burzaco's responses thereto [ECF 436]; (2) the second concerns interrogatories and document requests Martinez served on Defendant Torneos y Competencias, S.A. ("Torneos"), and Torneos' responses thereto [ECF 437]; and (3) the third concerns interrogatories and document requests Martinez served on Plaintiffs and their responses thereto [ECF 438]. The Court also addressed a discovery dispute that the Fox Defendants noticed regarding Plaintiff's responses to document requests the Fox Defendants served on Plaintiffs. [ECF 440].

1

### Discovery disputes Martinez noticed

As for the discovery dispute noticed at ECF 436, regarding Defendant Burzaco, the Court ordered Burzaco to serve amended, and clear and unambiguous, responses to the interrogatories and document requests at issue. If Burzaco asserts his Fifth Amendment privilege as a reason for not answering any discovery request, he must clearly and properly do so in his written response. To the extent Burzaco relies on Federal Rule of Civil Procedure 33(d), to respond to interrogatories by identifying documents Burzaco has already produced, he must specifically identify the documents that he has already produced and that he relies on to answer the interrogatory, and do so in full compliance with that Rule. Fed. R. Civ. P. 33(d)(1) and (2). Burzaco's responses to document requests must also unambiguously state whether he is making full or partial (or no) production of responsive documents. Fed. R. Civ. P. 34(b)(2)(C). Burzaco shall serve his amended responses by Friday, August 3, 2018.

All counsel shall be guided by this direction in their responses to discovery. The Court expects all parties to engage in the discovery process in full compliance with the governing rules and this Court's orders.

As for the discovery dispute noticed at ECF 437, regarding Defendant Torneos, and the discovery dispute noticed at ECF 438, regarding Plaintiffs, the Court ordered counsel for the parties to speak and make a *bona fide* effort at compromise, to resolve their disputes.

### Discovery dispute the Fox Defendants noticed

The Fox Defendants filed a notice of a discovery dispute that concerns Plaintiffs' response to the Fox Defendants' document requests. [ECF 440]. I previously overruled Plaintiffs' objections to those document requests, and ordered Plaintiffs to produce responsive documents. [ECF 361]. The Fox Defendants question the veracity and thoroughness of the Plaintiffs (and their owner, Francisco Casal) in meeting their obligation to produce responsive documents. The Fox Defendants ask that I hold an evidentiary hearing to explore the adequacy of Plaintiffs' discovery responses. After hearing from Plaintiffs' counsel at some length, about their (and their clients') efforts to respond to the Fox Defendants' document requests, I find that the record does not support the Court engaging in an evidentiary hearing. I advised counsel for the Fox Defendants that if they have information that demonstrates Plaintiffs are withholding discovery, they should provide that to Plaintiffs' counsel.

The Court expects counsel for all parties to engage in an open and frank dialogue, and compromise, to resolve their discovery disputes without this Court's intervention. After making this effort, if any of the disputes noticed for the Court today remain, counsel may advise the Court of the same by filing legal memoranda, of no more than five pages in length, with supporting authority, that informs the Court of the parties' concerns. The Court will then schedule the matter for oral argument, if needed.

## CLARIFICATION OF ORDER ENTERED ON JULY 18, 2018 [ECF 432]

On June 15, 2018 and July 18, 2018, I held lengthy discovery hearings. I heard argument from counsel, then announced my rulings, and reasoning for those rulings, in open court. Thereafter, I entered brief written orders to memorialize my rulings. Those orders incorporated by reference the reasons I gave, at the hearings, for my rulings. The transcripts of those hearings have been filed on the docket of this case.[1]

At the hearing yesterday counsel for the Fox defendants advised the Court that it understood that at the July 18, 2018, hearing the Court sustained the Intervenor United States government's objection based on its assertion of the law enforcement privilege. I did not sustain that objection. Instead, I sustained Defendant Napout's objection after engaging in an analysis under Federal Rule of Civil Procedure 26(b)(1). [ECF 435, at 62-7]. At the earlier June 15, 2018 hearing, I did the same. That is, although I took argument on the asserted law enforcement privilege at that time, and made certain preliminary findings regarding its applicability, I did not resolve the discovery dispute before me that day based on that privilege. Rather, I found, under Rule 26(b)(1), that the discovery sought from Torneos was not proportional to the needs of the case, and on that basis, I sustained his objection. [ECF 418, at 60-89].

---

[1] The transcript of the June 15, 2018 hearing and the order that followed are docketed at ECF numbers 418 and 414, respectively. The transcript of the July 18, 2018 hearing and the order that followed are docketed at ECF numbers 435 and 432, respectively.

DONE and ORDERED in chambers at Miami, Florida this 2nd day of August, 2018.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Cecilia M. Altonaga
    Counsel of record